THE STATE OF OHIO, APPELLANT, *v.* BAKER, APPELLEE.

[Cite as *State v. Baker* (1997), 78 Ohio St.3d 108.]

(No. 96–346—Submitted at the Urbana Session November 13, 1996—Decided April 2, 1997.)

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Carley J. Ingram,* Assistant Prosecuting Attorney, for appellant.

*Lawrence W. Henke III* and *Kelly M. Young,* for appellee.

FRANCIS E. SWEENEY, SR., J.  At issue in this case is whether Ohio's Constitution or speedy-trial statute requires additional criminal charges filed in a subsequent indictment to run from the date of defendant's original arrest, with time tolled during the state's audits of seized evidence, or whether the statute allows the state a new time period from the date of the subsequent indictment.  For the following reasons, we hold that in issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment.

The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. The individual states are obligated under the Fourteenth Amendment to afford a person accused of a crime such a right.  *Klopfer v. North Carolina* (1967), 386 U.S. 213, 222–223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1, 7–8.  However, the states are free to prescribe a reasonable period of time to conform to constitutional requirements. *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 113.  In response to this constitutional mandate, Ohio has enacted R.C. 2945.71 to 2945.73, which designate specific time requirements for the state to bring an accused to trial.  Specifically, under R.C. 2945.71(C)(2), a person against whom a charge of felony is pending must be brought to trial within 270 days after his arrest.

In prior cases, we have dealt with the problem of multiple indictments in relation to Ohio's speedy-trial statute.  Specifically, we have held that subsequent charges made against an accused would be subject to the same speedy-trial constraints as the original charges, if additional charges arose from the same facts as the first indictment.  *State v. Adams* (1989), 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, 1027.  In *Adams,* the defendant was initially charged with having a

concentration of ten-hundredths of one gram or more by weight of alcohol per two-hundred-ten liters of his breath in violation of R.C. 4511.19(A)(3). At the time, defendant waived the time limitation for trial for a total of thirty-five days, but the state eventually decided to *nolle* this initial charge. Subsequently, the state filed a second complaint against defendant, charging him with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1). In applying the same ninety-day time period to both charges, we held: " 'When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.' " *Id.*

Applying this standard to the instant case, we find that in issuing a second indictment against the defendant, the state was not subject to the speedy-trial time limits of the original indictment, since the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation. See, *e.g.*, *State v. Singleton* (C.P.1987), 38 Ohio Misc.2d 13, 526 N.E.2d 121.

The original charges against Baker resulted from an investigation by law enforcement agents using informants to illegally purchase prescription drugs from Baker's pharmacies. These original charges were based on the controlled buys that occurred before Baker's arrest on June 10, 1993, and the search of Baker's two pharmacies. After executing search warrants at Baker's two pharmacies, the state began investigating Baker's pharmaceutical records to determine if additional violations had occurred. As a result of its analysis of the records seized on June 10, 1993, the state filed additional charges of drug trafficking and Medicaid fraud, which the state could not have known of until both audits of Baker's records were completed.

To require the state to bring additional charges within the time period of the original indictment, when the state could not have had any knowledge of the additional charges until investigating later-seized evidence, would undermine the state's ability to prosecute elaborate or complex crimes. In so holding, we recognize that in construing the speedy-trial statutes, we must balance the rights of an accused with the public's interest in "obtaining convictions of persons who have committed criminal offenses against the state." *State v. Bonarrigo* (1980), 62 Ohio St.2d 7, 11, 16 O.O.3d 4, 6–7, 402 N.E.2d 530, 534.

Since the charges in the second indictment stem from additional facts which the state did not know of before the audits, the state should be accorded a new

270–day period beginning from the time when the second indictment was returned on June 1, 1994. When additional criminal charges arise from facts distinct from those supporting an original charge, or the state was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 *et seq.* Therefore, the court of appeals erred in dismissing the second indictment against Baker, the judgment of the court of appeals as to this issue is reversed, and the conviction is reinstated.

*Judgment reversed*
*and conviction reinstated.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.