OPINION
Defendant-appellant, Michael Riley, appeals his conviction for possession of cocaine.
Riley was stopped on January 23, 1998 by Officer Bob Rose of the Miami Township Police Department for a suspected traffic violation and driving under the influence ("DUI"). Upon investigation, Riley was arrested and charged with DUI, to which he later pled guilty. After Riley was taken into custody, Officer Rose searched Riley's vehicle and found a glass vial and a small plastic bag, both of which contained a white powder. After touching the powder, Officer Rose's hand became numb, requiring examination by paramedics. Although Riley was charged with only DUI, Officer Rose suspected that the white powder might be cocaine.
Upon returning to the police station, Officer Rose placed the glass vial, plastic bag, and their contents in the evidence room. On April 29, 1998, the seized items were delivered to the Bureau of Criminal Identification and Investigation ("BCI") for testing. On May 28, 1998, BCI returned the seized items and test results, confirming that the white powder was cocaine. On September 9, 1998, Officer Rose charged Riley in municipal court with possession of cocaine. That charge was dismissed on October 26, 1998, and on December 16, 1998, the county grand jury indicted Riley on one count of possession of cocaine in violation of R.C.2925.11(A), a fifth degree felony.
Riley moved to dismiss the charge on the ground that his right to a speedy trial embodied in R.C. 2945.71 had been violated. After a hearing, the trial court denied Riley's motion on June 11, 1999. The trial court found that the speedy trial time for the possession charge did not begin to run on the date of the initial DUI charge because the elements of the crimes and the operative facts which must be proved to establish those elements were different. On July 19, 1999, Riley pled no contest to the possession charge. The trial court found Riley guilty and sentenced him to three years of community control. Riley appeals, raising one assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR DISMISSAL FOR FAILURE OF THE STATE OF OHIO TO PROVIDE DEFENDANT-APPELLANT WITH A CONSTITUTIONALLY GUARANTEED SPEEDY TRIAL PURSUANT TO OHIO REV. CODE § 2945.71.
In his sole assignment of error, Riley contends that he was not provided a speedy trial within the time mandate of R.C.2945.71. Riley argues that the speedy trial time for the possession charge should have begun to run when the original DUI charge was brought against him. He asserts that at the time of his initial arrest for DUI, the state was aware of all operative facts necessary to bring the possession charge.
The right to speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to this constitutional mandate, R.C.2945.71 to R.C. 2945.73 prescribe specific time requirements within which the state must bring an accused to trial. State v.Baker (1997), 78 Ohio St.3d 108, 110, reconsideration denied,78 Ohio St.3d 1517. As relevant to the instant case, R.C. 2945.71(C) provides:
A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
For purposes of this provision, when a subsequent indictment is issued against an accused after a previous indictment on a different charge,
 the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know these facts at the time of the initial indictment.
Baker, 78 Ohio St.3d at syllabus.
The two charges against Riley stemmed from different sets of facts. The DUI charge arose out of Officer Rose's initial stop for a traffic violation and suspected DUI. That charge resulted from Officer Rose's investigation of the suspected offenses. The possession charge resulted not from this initial investigation, but from Officer Rose's later search of Riley's vehicle. And while it is true that on the night of Riley's initial arrest, Officer Rose suspected that the seized white powder was cocaine, these facts did not give rise to probable cause to arrest until some time later.
It is clear that the two charges arose out of different sets of operative facts. The two charges arose out of different, albeit related, investigations or searches. The possession charge ultimately resulted out of an operative fact not present as to the DUI charge: the testing of the white powder and its confirmation as cocaine. The speedy trial time for the possession charge therefore began to run on September 9, 1998, when Riley was initially charged by Officer Rose with possession of cocaine. SeeBaker, 78 Ohio St.3d at 111-112.
The trial court properly overruled Riley's motion to dismiss the possession charge on speedy trial grounds. The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.