OPINION
Defendant-appellant Jared Griffith appeals the February 10, 2000 Entry of the Fairfield County Court of Common Pleas, Juvenile Division, which denied his motion to dismiss, following his conviction and sentencing on one count of contributing to the delinquency of a minor, in violation of R.C. 2919.24. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
During the early morning hours of June 12, 1999, two officers from the Lancaster Police Department responded to a loud music complaint at the Pine Village Apartments in Lancaster, Ohio. As a result of their investigation of the complaint, the officers arrested appellant and charged him with underage consumption. Appellant appeared in the Lancaster Municipal Court on June 15, 1999, for arraignment on the charge. Thereafter, on July 2, 1999, Detective Dan Shupp of the Lancaster Police Department filed a complaint in the Fairfield County Court of Common Pleas, Juvenile Division, charging appellant with four counts of contributing to the unruliness and/or delinquency of a minor, in violation of R.C.2919.24. These charges arose out of the events occurring on June 12, 1999. Two attempts to personally serve appellant with the complaint failed. Appellant was ultimately served on October 6, 1999. Prior to being served on September 9, 1999, appellant plead guilty to an amended charge of disorderly conduct in the Lancaster Municipal Court. The trial court scheduled a trial on the contributing charges for December 10, 1999. On December 10, 1999, appellant filed a Motion to Dismiss, asserting the State failed to bring him to trial within the time period prescribed in R.C.2945.71. The trial court scheduled a non-oral hearing on the motion after the parties agreed to forego an evidentiary hearing. The record before the trial court included the written report and supplemental report of the arresting officers as well as an affidavit of appellant. Via Entry dated February 10, 2000, the trial court overruled appellant's motion to dismiss. Thereafter, appellant entered into a plea agreement with the State, wherein appellant agreed to enter a plea of no contest to one count of contributing in exchange for the State moving the trial court to dismiss the three remaining counts. The trial court accepted appellant's plea on March 9, 2000. The trial court found appellant guilty and sentenced him to 180 days in jail, but suspended the sentence on condition of appellant's good behavior for two years and other conditions. The trial court also imposed a fine of $350.00, plus court costs. The trial court memorialized the conviction and sentence via Entry filed March 9, 2000. It is from the February 10, 2000 Entry, overruling his motion to dismiss, appellant prosecutes this appeal, raising as his sole assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS BASED ON THE STATE'S FAILURE TO BRING DEFENDANT TO TRIAL WITHIN THE STATUTORY TIME PERIOD SET FORTH IN R.C. 2945.71.
Any other facts relevant to our discussion of appellant's assignment of error shall be contained therein. I Herein, appellant maintains the trial court erred in overruling his motion to dismiss pursuant to R.C. 2945.71. Specifically, appellant argues the speedy trial time for the contributing charges began to run when the original underage consumption charge was issued. We agree. The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73
prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker (1997), 78 Ohio St.3d 108,110. As relevant to the instant action, R.C. 2945.71(B)(2) requires a person, against whom a charge of a first degree misdemeanor is pending, be brought to trial within ninety days after his arrest or service of summons. The case at bar involves the application of the speedy trial statute to an accused charged under multiple complaints. The Ohio Supreme Court has held: [W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.
State v. Adams (1989), 43 Ohio St.3d 67, 68.
The defendant in Adams was initially charged with operating a vehicle while having a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of breath, in violation of R.C. 4511.19(A)(3). Id. at 67. The defendant executed several waivers of time for trial, totaling thirty-five days. Id. Thereafter, upon the State's recommendation, the trial court nolled the (A)(3) charge. Id. The following day, the State filed a second complaint against appellant, charging him with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Id. The defendant filed a motion to dismiss, alleging the State failed to comply with the speedy trial provisions. The trial court overruled the motion. The Court of Appeals affirmed. However, the Ohio Supreme Court reversed, finding the same ninety day period applied to the second charge because the second charge brought against the defendant stemmed from the same set of facts which gave rise to the original charge. In subsequently applying the Adams standard, the Ohio Supreme Court held: In issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment.
State v. Baker (1997), 78 Ohio St.3d 108, syllabus.
In Baker, the defendant, a pharmacist, was arrested after he made several illegal sales of prescription drugs to police informants. Id. at 108. On the day of his arrest, sheriff's deputies and other law enforcement agents executed search warrants for two pharmacies owned by the defendant. Id. The State agents seized business and financial records from the pharmacies. Id. at 108-109. One week after his arrest, the defendant was indicted on two counts of trafficking in drugs, and five counts of aggravated trafficking. Id. at 109. These charges arose from the controlled buys, which occurred before the defendant's arrest and the searches of his pharmacies. Id. While these original charges were pending, the state agents audited the business records seized from the defendant's pharmacies. Id. The results of those audits provided sufficient evidence for the State to file additional charges against the defendant for drug trafficking and medicaid fraud. Id. The second indictment was filed almost a year after the defendant's arrest and the State's filing of the original indictment against the defendant. Id. The defendant filed a motion to dismiss the second indictment, alleging his right to a speedy trial had been violated. Id. The defendant argued the State was required to bring him to trial on the second indictment within the same time period as the first, i.e., two-hundred-seventy days from the defendant's arrest. Id. The trial court overruled the motion, holding the allegations and proof for the two indictments were different from each other, and the State was justified in delaying the second indictment until it was able to analyze the business records for evidence of additional criminal conduct. Id. On appeal, the Montgomery County Court of Appeals found the defendant's statutory right to a speedy trial had been violated as to the second indictment, and reversed the defendant's conviction under that indictment. Id. at 110. The Ohio Supreme Court disagreed with the Court of Appeals, finding the State was not subject to the speedy trial time limits of the original indictment in issuing the second indictment because the subsequent charges were based upon new and additional facts of which the State had no knowledge at the time of the original indictment. Id. at 111. In reaching this determination, the Supreme Court reasoned: To require the state to bring additional charges within the time period of the original indictment, when the state could not have had any knowledge of the additional charges until investigating later-seized evidence, would undermine the state's ability to prosecute elaborate or complex crimes. Id.
In the case sub judice, the trial court relied on Baker, supra, and overruled appellant's motion to dismiss. The trial court found the State was not required to bring appellant to trial on the second complaint within the same statutory ninety-day period as the original charge despite the fact "the State was aware of the facts or at least some of the facts that were the basis of the second complaint at the time it became aware of the facts for the original charge of underage consumption." February 10, 2000 Entry at 1, unpaginated. The trial court reasoned, "these additional criminal charges of contributing arise from facts distinct from those supporting the original charge of underage consumption." Id. at 2, unpaginated. As we stated supra, the record before the trial court consisted of a police incident/arrest report, a supplementary investigation report, and appellant's own affidavit. The police incident/arrest report contains the following information: On June 12, 1999, at approximately 12:15 a.m., two officers from the Lancaster Police Department responded to a noise complaint at the Pine Village Apartments. While investigating the complaint, the officers observed appellant in possession of a bottle of beer. Appellant was under the legal drinking age of 21. At the time, appellant was in the company of Fay Browning, a fifteen year old female. The officers asked Browning with whom she was staying and, they proceeded to apartment #92. Jo Ann Karshner, a sixteen year old female, allowed the officers to enter the apartment. Inside the apartment, the officers discovered Danielle Deem and Janelle Deem, both fifteen years of age, under the influence of alcohol. Browning, Karshner, and the Deem sisters all admitted to consuming alcohol. All of the juveniles were arrested and released to their parents, pending court. Appellant was charged and released on a recognizance bond, pending court. The supplementary investigation report not only included more detail regarding the officers' initial contact with appellant and their subsequent discovery of the minor females, but also contained the following additional information: After further questioning, it was determined that the original 20 year old [appellant] had brought over some Zema [sic] beverages to the apartment after meeting the girls earlier that evening. When he came over, he brought the beverages, and there was a mention of wanting to smoke marijuana and Jo Karshner stated that she went to her sister[`s] bedroom drawer, picked out a marijuana pipe, brought that into the living room where then [appellant] proceeded to light the pipe and they each took turn smoking it. Fay Browning stated she did not smoke any marijuana.
After smoking the marijuana a statement-was made that [appellant] had refilled the pipe with his marijuana he had obtained from a pants pocket. (The marijuana originally smoked was in the pipe when Ms. Karshner obtained it from her sister's belongings.)
Based on this information, I proceeded back over to apartment #97 where [appellant] originally was staying. He was asked to come to the door at which time he did and he was advised that he was being placed under arrest.
[Appellant] along with the four juvenile girls were all transported to the Police Department.
While at the Police Department, the four juveniles gave a taped statement in the presence of their parents regarding the incident: of who obtained the alcohol, who presented the alcohol to them and where the marijuana was obtained from.
All four girls were released to their parents pending court.
Two statements were taken from [appellant], one by Ptl. Caton and a second statement by myself. In the second statement [appellant] admitted to consuming alcohol, and smoking marijuana but did not directly state that he provided alcohol to these children.
Supplementary Investigation Report at 3.
The police obtained this information while they were at the Pine View Apartments prior to appellant and the juvenile girls' being transported to the Lancaster Police Department and prior to appellant's being placed under arrest. The information necessary to charge appellant with the offenses of contributing to the delinquency of minors did not require further investigation. Based upon the initial police report and supplementary report, we find the new and additional charges of contributing arose from the same facts known to the police at the time the initial underage consumption charge was filed. Accordingly, the time within which the State was required to bring appellant to trial on the contributing charges was subject to the same statutory limitation period applied to the original underage consumption charge. The charges herein all arose from the same sequence of events and investigation. At the time of appellant's arrest, the State had probable cause to believe appellant had contributed to the delinquency of the minors. He could have easily been arrested and charged with contributing at that time. We find appellant's speedy trial right was violated under the facts herein. The mere fact appellant was charged with offenses which require proof of different elements does not, in and of itself, mean the charges arose from different facts. Baker, supra, involved a unique and complicated set of facts. To interpret the clause "when additional criminal charges arise from facts different from the original charges" in Baker to mean "whenever additional criminal charges require proof of different facts/elements than the original charges" would undermine an accused's right to a speedy trial. Such interpretation would allow piecemeal prosecution. In the case sub judice, such interpretation would allow the State to commence five separate prosecutions (underage consumption, and four contributing charges) all separately and consecutively, effectively extending the speedy trial time for the last prosecution to 450 days from the date appellant was first indicted. We refuse to adopt such an interpretation. Based upon the foregoing reasons, appellant's sole assignment of error is sustained.
The judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is reversed and the complaint against appellant for contributing to the unruliness and/or delinquency of a minor is dismissed.
 _____________________ Hoffman, J.
By: Gwin, P.J. and Reader, V.J. concur