OPINION
Defendant, Claude Cantrell, appeals from his conviction and sentence for operating a motor vehicle with a prohibited concentration of alcohol in his blood in violation of R.C. 4511.19(A)(2)., Defendant was arrested on March 31, 2000, by an officer of the Ohio Highway Patrol, following a traffic accident. Defendant was transported from the accident scene to a Springfield hospital where he was treated for his injuries. At the request of the state trooper, a sample of Defendant's blood was withdrawn and sent to the Ohio Highway Patrol crime laboratory in Columbus for analysis., Defendant was charged in Municipal Court on the date he was arrested, March 31, 2000, with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and two traffic violations arising from his accident.
On April 7, 2000, Defendant's blood was analyzed and found to contain a prohibited concentration of alcohol, 0.169 percent by weight. The test results were faxed to the Springfield Post of the Ohio Highway Patrol on April 21, 2000.
On June 28, 2000, during a pretrial conference, Defendant rejected the State's plea offer. Thereafter, on June 30, 2000, a second OMVI charge was filed by the State and served on Defendant, alleging that Defendant had operated a motor vehicle with a prohibited concentration of alcohol in his blood in violation of R.C. 4511.19(A)(2). This R.C. 4511.19(A)(2) charge arose out of the same incident as the R.C. 4511.19(A)(1) charge previously filed.
On July 28, 2000, Defendant filed a motion to suppress the blood test results with respect to the R.C. 4511.19 (A)(2) charge. The trial court overruled that motion to suppress, following a hearing, on September 26, 2000.
On November 2, 2000, the day trial was to commence, Defendant filed a motion to dismiss the R.C. 4511.19(A)(2) charge, alleging that the State had failed to bring him to trial on that charge within the time required by Ohio's speedy trial statutes. Following argument by counsel, the trial court overruled Defendant's motion to dismiss for want of a speedy trial., Defendant entered a no contest plea to the R.C. 4511.19 (A)(2) violation charged in exchange for a dismissal of the remaining charges, including the R.C. 4511.19(A)(1) charge. The trial court found Defendant guilty of violating R.C. 4511.19 (A)(2), and sentenced him according to law., Defendant has timely appealed to this court from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS.
R.C. 4511.19 (A)(2) is a misdemeanor of the first degree. R.C. 4511.99. Persons charged with first degree misdemeanors must be brought to trial within ninety days after arrest or service of summons. R.C.2945.71(B)(2)., Defendant argues that because the State was aware on April 7, 2000, that Defendant's blood contained a 0.169 percent by weight concentration of alcohol, for speedy trial purposes the ninety day time period within which the State was required to bring Defendant to trial on the R.C. 4511.19(A)(2) charge commenced running on April 7, 2000.
With respect to multiple charges arising out of a single incident, the Ohio Supreme Court has stated:
 In issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment.
State v. Baker (1997), 78 Ohio St.3d 108, Syllabus by the court.Further, the speedy trial time on the subsequent charge begins to runwhen the charge is filed, and not from the time the State learned of thenew facts on which the charge is based. Id., Defendant was charged withviolating R.C. 4511.19(A)(1) on March 31, 2000. However, the factsgiving rise to the R.C. 4511.19(A)(2) charge, that Defendant's bloodcontained a prohibited concentration of alcohol of 0.169 percent byweight, was not available to the State on March 31, 2000. Therefore, perState v. Baker, supra, in proceeding on the R.C. 4511.19(A)(2) charge theState was not subject to the speedy trial timetable applicable to theR.C. 4511.19(A)(1) charge. Further, the new period began to run from thedate the R.C. 4511.19(A)(2) charge was filed, not from the date that theState learned of the facts which prompted it to file the new charge.Id.; State v. Lekan (June 27, 1997), Montgomery App. No. 16108, unreported.
The ninety day period within which the State was required to bring Defendant to trial on the R.C. 4511.19(A)(2) charge began on June 30, 2000, the date the charge was filed and Defendant was served with summons. Twenty-eight days elapsed thereafter until July 28, 2000, when, per R.C. 2945.72(E), time was tolled until September 26, 2000, while Defendant's motion to suppress was pending. The time began running again on September 26, 2000, and ran until November 2, 2000, when Defendant filed his motion to dismiss for want of a speedy trial. Thirty-seven days elapsed during this period. Accordingly, a total of sixty-five days had elapsed since the R.C. 4511.(A)92) charge had been filed when Defendant moved for discharge, well short of the ninety day maximum. Therefore, the trial court did not err when it denied Defendant's motion.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and FAIN, J., concur.