OPINION
{¶ 1} This is a habeas corpus action in which petitioner, Theodore R. Jackson, Jr., seeks his immediate release from the Trumbull Correctional Institution. As the sole basis for his habeas corpus claim, petitioner asserts that his present incarceration is based upon a void sentencing judgment because the State of Ohio failed to bring him to trial within the applicable statutory time limit. For the following reasons, this court concludes that petitioner's claim is subject to dismissal because he has failed to state a viable claim for relief.
 {¶ 2} Petitioner is presently in the custody of respondent, Julius C. Wilson, Warden of the Trumbull Correctional Institution. In maintaining that his detention at the prison is illegal, petitioner has alleged the following facts in his petition: (1) respondent is now holding petitioner on a February 2001 judgment in which the Cuyahoga County Court of Common Pleas found him guilty and sentenced him on two counts of felonious assault, one count of aggravated robbery, and one count of kidnapping; (2) when petitioner was originally indicted on the foregoing four charges in May 2000, he was incarcerated on a separate charge in a different prison; (3) petitioner was not notified of the pendency of the first indictment until he was brought before the trial court in September 2000; (4) in October 2000, the Cuyahoga County Grand Jury issued a new indictment which again charged him with two counts of felonious assault, one count of aggravated robbery, and one count of kidnapping; (5) four months later, the trial court accepted petitioner's guilty plea to the charges in the new indictment and sentenced him to four concurrent terms of four years; and (6) on the same date the trial court sentenced petitioner, it rendered a separate judgment dismissing the original indictment.
 {¶ 3} As the legal grounds for his habeas corpus claim, petitioner asserts that, since he was in prison at the time the first indictment was issued, the State of Ohio had a duty under R.C. 2941.401 to locate him immediately and provide notice of the four pending charges. Petitioner further asserts that, because the State's lack of diligence in giving timely notice deprived him of the opportunity to immediately demand a speedy trial, the running of the one hundred eighty-day limit for bringing him to trial started on the date the first indictment was released. Based on these two assertions, petitioner ultimately contends in his petition that the sentencing judgment should be declared void because he did not enter his guilty plea until approximately two hundred fifty days had elapsed.
 {¶ 4} As the foregoing synopsis of petitioner's argument readily shows, his claim for the writ is predicated entirely upon R.C. 2941.401. The statute first provides that if a person is indicted on new charges when he is already an inmate in a state prison, the warden of that facility, upon receiving notice of the new charges himself, has an obligation to forward such notice to the inmate. The statute then provides that the inmate has the right to submit to the appropriate prosecuting attorney a written demand that he be tried on the new charges within one hundred eighty days of the filing of the demand. Finally, the statute indicates that when the inmate has made a proper demand, he cannot be tried on the new charges once the one hundred eighty days have elapsed:
 {¶ 5} "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
 {¶ 6} In the instant action, petitioner has essentially admitted that he never submitted a written demand to be tried within the time limit set forth in R.C. 2941.401. Despite this, he still asserts that the time limit should be followed in the underlying case because the State of Ohio did not act diligently in attempting to locate him and provide notice to the warden of that particular prison.
 {¶ 7} Our review of the relevant case law supports petitioner's assertion on this specific issue. In construing R.C. 2941.401, this court has stated that when an inmate's failure to make a proper demand is attributable to a lack of diligence on the part of the state in informing the warden of the pending charges, the one hundred eighty-day time limit will be deemed to have never started to run at any point during the pendency of the criminal action; instead, under these circumstances, the time limit will be deemed to have commenced "`upon the first triggering of the state's duty to give notice of the right to make demand for speedy disposition.'" State v. Pesci, 11th Dist. No. 2001-L-026, 2002-Ohio-7131, at ¶ 31, quoting State v. Fitch (1987),37 Ohio App.3d 159, 162. Accordingly, if petitioner could demonstrate in the instant case that the State of Ohio did not employ reasonable diligence in attempting to locate him when the first indictment was issued, the fact that he never submitted a written demand for a speedy trial would not be controlling as to whether his rights under R.C. 2941.401
had been violated.
 {¶ 8} Nevertheless, although petitioner's allegations are legally sufficient in regard to the issue of whether the one hundred eighty-day time limit ever started to run in the criminal case, there is still the question of whether the time limit had elapsed before he entered his guilty plea in February 2001. In trying to answer this question, petitioner argues that the time limit had elapsed because the running of the one hundred eighty days started on the date the first indictment was issued.
 {¶ 9} As a preliminary matter, this court would note that petitioner's argument assumes that, even though his conviction was ultimately based on the four charges in the second indictment, the running of the time limit would still be controlled by the first indictment. As to this specific point, our research indicates that no Ohio court has considered the issue of the effect of a second indictment upon the running of the one hundred eighty-day time limit under R.C.2941.401. However, in construing the speedy trial provisions in R.C.2945.71 et seq., the Supreme Court of Ohio has expressly held that if the charges in the second indictment are based upon the same facts as the original charges and the state was fully aware of those facts when the first indictment was issued, the charges in both indictments must be tried within the time limit which began to run in regard to the first indictment. See State v. Baker (1997), 78 Ohio St.3d 108, 110-111. Given that the provisions of R.C. 2941.401 seeks to protect the identical interests as R.C. 2945.71 et seq., it follows that the Baker logic would apply to the allegations asserted by petitioner in the instant case. Therefore, since the four charges in the second indictment against petitioner were predicated on the same facts as the original charges, the new charges still had to be tried within the same time frame as the original charges.
 {¶ 10} Still, even though the issuance of the second indictment against petitioner had no effect on the running of the one hundred eighty days, this does not mean that the time limit commenced to run on the date the first indictment was returned in May 2000. As was noted above, this court held in Pesci that if an inmate never receives notice of the new indictment from the warden, the running of the time limit under R.C.2941.401 will be deemed to begin upon the occurrence of the first event which "triggers" the state's duty to inform the iinmate of his right to demand a speedy resolution of the new charges. The Pesci court further held that the event which typically triggers the state's obligation is the arraignment of the inmate on the new charges. See, also, State v.Curry (Sept. 30, 1997), 4th Dist. No. 95CA2339, 1997 Ohio App. LEXIS 4495. Although the Pesci court did not expressly state the grounds for the second aspect of its holding, it is clear that the holding is predicated on the fact that the arraignment is usually the first instance in which the prosecuting attorney has the opportunity to speak directly to the inmate and inform him of his right. Accordingly, even if the prosecuting attorney fails to inform the inmate of the right at that particular time, the running of one hundred eighty days should still begin on the date of the arraignment because that date would have constituted the earliest time the inmate could have invoked the right under the circumstances.
 {¶ 11} Pursuant to Pesci, the running of the time limit under R.C. 2941.401 in the instant case would not have begun on the date the first indictment was issued in May 2000; instead, the time limit would commence when the State of Ohio had the first opportunity to inform petitioner of his right to demand a speedy trial. In his petition before this court, petitioner has specifically alleged that he was not given notice of the new charges until he was brought before the Cuyahoga County Court of Common Pleas in September 2000. In making this allegation, he has not indicated whether he was arraigned on the new charges at that particular proceeding. However, even if this court assumes that an arraignment did occur in September 2000 and that the running of the one hundred eighty-day time limit began on that specific date, petitioner's own allegation supports the conclusion that he entered his guilty plea prior to the completion of the time limit in R.C. 2941.401.
 {¶ 12} Stated differently, even if petitioner's allegations are construed in a manner most favorable to him, the earliest date upon which the applicable time limit could have begun running would be the date of the September 2000 proceeding. Furthermore, even if it is assumed that the proceeding occurred on September 1, 2000, the one hundred eighty-day time limit would not expire until March 1, 2001. Therefore, since petitioner has also admitted that his guilty plea was accepted on February 14, 2001, his own allegations demonstrate that his "speedy trial" rights under R.C. 2941.401 were not violated in the Cuyahoga County action. To this extent, petitioner's habeas corpus petition does not state a viable claim for relief.
 {¶ 13} As a separate basis for his claim, petitioner further asserts that, on the same date that he was indicted on the foregoing four charges, he was also indicted in a separate case for one count of escape. Petitioner contends that his subsequent conviction on the escape charge should also be declared void because the time period under R.C.2941.401 elapsed before he entered his guilty plea on the charge in February 2001. However, like his allegation in regard to the separate four charges, petitioner admits that he did not receive any notice of the escape charge until he was brought before the Cuyahoga County trial court in September 2000. As a result, his allegations are again insufficient to show a violation of his "speedy trial" rights because the applicable time limit did not begin to run until September 2000.
 {¶ 14} Under R.C. 2725.05, a trial court in a habeas corpus case can sua sponte dismiss the petition when its initial review of the allegations demonstrates that the petitioner will be unable to prove that his incarceration is based upon a void criminal judgment. Ozinga v.Dunlap (Dec. 10, 1999), 11th Dist. No. 99-L-162, 1999 Ohio App. LEXIS 5936. Pursuant to the foregoing analysis, this court concludes that the dismissal of the instant petition is warranted because petitioner's own allegations support the conclusion that the Cuyahoga County trial court had jurisdiction to sentence him on the underlying charges. Therefore, it is the sua sponte order of this court that petitioner's habeas corpus petition is hereby dismissed.
JUDITH A. CHRISTLEY, ROBERT A. NADER, and DIANE V. GRENDELL, JJ., concur.