OPINION
{¶ 1} Appellant State of Ohio appeals the decision of the Court of Common Pleas, Fairfield County, which dismissed a felony indictment against Appellee Eric V. Page. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellee Eric V. Page was indicted by the Fairfield County Grand Jury on May 29, 1998 on one count of rape, in common pleas case number 98 CR 123. A request for an arrest warrant was filed that same day. At that time, however, appellee was in the Twin Valley Psychiatric System facility in Franklin County, Ohio, based on a multi-count felony indictment in Franklin County dated February 25, 1998 (Case 98-CR-02-944), as well as a revocation order stemming from a 1989 Franklin County case wherein appellee had been found not guilty by reason of insanity. The trial court file in the case sub judice contains a handwritten notation, dated June 18, 1998, reading "hold until released from Twin Valley (approximately 30 days) being evaluated in Franklin County on Franklin County rape charges."
 {¶ 3} On June 25, 1998, a prosecutor's office employee faxed a copy of the Fairfield County indictment, bond and warrant request to Mickey Humes at Twin Valley. The trial court made another notation on August 6, 1998, recognizing that appellee was "still in Twin Valley." The trial court again made a notation on September 24, 1998, that the indictment was "put in vault." On that same date, the Franklin County Court of Common Pleas issued an entry in its 1989 case determining that appellee's mental condition required continued hospitalization. Appellant was finally arrested under case number 98 CR 123 on July 21, 2001.
 {¶ 4} On December 7, 2001, appellee filed a motion to dismiss the indictment in case 98 CR 123. The trial court entered a judgment entry granting said dismissal in said case on July 18, 2002. The State appealed therefrom to this Court in Fairfield App. No. 02CA69.
 {¶ 5} In the meantime, on June 8, 2001, the Fairfield County Grand Jury indicted appellee on two counts of rape, one count of aggravated burglary, two counts of robbery, one count of kidnapping, and one count of abduction, with specifications per R.C. 2941.148. This indictment pertained to the same incident as in the Fairfield County indictment in case 98 CR 123. On September 6, 2001, appellee filed a motion to dismiss said indictment in the case sub judice on speedy trial grounds. A hearing was conducted thereon on January 25, 2002. On June 13, 2002, the trial court issued a memorandum of decision, and on July 18, 2002, issued a judgment entry granting appellee's motion to dismiss.
 {¶ 6} The State timely appealed and herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT'S DECISION DISMISSING THE INDICTMENT PENDING AGAINST APPELLEE BASED ON VIOLATION OF APPELLEE'S SPEEDY TRIAL RIGHTS WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION."
 I. {¶ 8} In its sole Assignment of Error, the State argues the trial court erred in dismissing the June 8, 2001 indictment in the case sub judice. We disagree.
 {¶ 9} In the case sub judice, the trial court concluded, inter alia, that "* * * in issuing a second indictment against the Defendant, the State is subject to the speedy-trial time limits of the original indictment since the subsequent charges were based on the same facts that were alleged in the original indictment and on facts that were certainly known by the State at the time of the original indictment." Memorandum of Decision, June 13, 2002, at 4.
 {¶ 10} This Court recently emphasized the following in State v.Brady, Tuscarawas App. No. 02AP040025, 2003-Ohio-138:
 {¶ 11} "When dealing with multiple indictments, the Supreme Court of Ohio has stated, in State v. Baker (1997), 78 Ohio St.3d 108, 111,676 N.E.2d 883: `* * * [W]e find that in issuing a second indictment against the defendant, the state was not subject to the speedy-trial time limits of the original indictment, since the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation.'"
 {¶ 12} We recall that our affirmance in Fairfield App. No. 02CA69 of the trial court's dismissal of the 1998 indictment against appellee was based on postindictment delay (i.e., the delay from indictment to arrest). Our research indicates that the bulk of caselaw analysis as to "second indictment" issues, in the realm of speedy trial doctrine, focuses on statutory time limits, as opposed to the type of postindictment delay questions we addressed in said companion appeal. However, we recognize that the availability of a speedy trial is a fundamental right, and it must be strictly enforced by Ohio's courts. SeeState v. Pachay (1980), 64 Ohio St.2d 218; State v. Mullins (2003),52 Ohio App.3d 83. Accordingly, we hold that the "second indictment" analysis of Baker is applicable to cases where a prior indictment has been dismissed based on the delay from indictment to arrest.
 {¶ 13} Thus, the crux of our review herein is whether the 2001 indictment against appellee, which the parties agree arose from the same incident as the 1998 rape indictment, is based on new and additional facts of which the State was not aware in 1998. The transcript of the hearing on the motion to dismiss in the case sub judice reveals the State called four witnesses, including the victim. Although the State submits in its appellant's brief that "additional facts were submitted at the second grand jury which is why several additional counts were indicted[,]" our review of the aforementioned transcript and remainder of the record provides insufficient support for this assertion under Baker. It is well-established our review on appeal is limited to materials in the record. In re McClain, Licking App. No. 01CA92, 2002-Ohio-2467, citing State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500.
 {¶ 14} We therefore find no error in the dismissal of the 2001 indictment under the facts and circumstances of this case. The State's sole Assignment of Error is overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J. and Edwards, J., concurs.
Hoffman, P.J., concurs separately.