{¶ 24} I respectfully dissent as I feel Mr. Armstrong was deprived of a speedy trial and his counsel was ineffective in not filing a motion to dismiss for lack of a speedy trial.
 {¶ 25} Although counsel enjoys a strong presumption of competence, nonetheless, I feel the effect of not filing a motion to dismiss was so serious here as to question the reliability of the result. Even though Mr. Armstrong filed his own pro se motion to dismiss on the grounds of a violation of his speedy trial rights, the proper arguments, facts, and case law were not brought to the trial court's attention in order for the trial court to meaningfully evaluate the same.
 {¶ 26} "The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73
prescribe specific time requirements within which the State must bring an accused to trial." State v. Edwards, 5th Dist. No. 2002 AP 08 0065, 2003-Ohio-334, at ¶ 14 citing State v. Baker
(1997), 78 Ohio St.3d 108, 110. Ohio law codifies a defendant's right to a speedy trial at R.C. 2945.71 et seq. According to R.C.2945.71(C)(2), a person charged with a felony "shall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 27} For purposes of this provision, when a subsequent indictment is issued against an accused after a previous indictment on a different charge, "the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know these facts at the time of the initial indictment." Baker, 78 Ohio St.3d at syllabus.
"In Baker, the defendant was arrested because he sold prescription drugs to police informants. The same day, police officers seized numerous financial records from two pharmacies the defendant owned. A week later, the defendant was indicted on several counts of drug trafficking relating to the controlled buys.
"While those charges were pending, state officials audited the financial records seized from the pharmacies. These audits resulted in a second indictment for drug trafficking against the defendant, which occurred almost a year after the defendant's arrest and original indictment. The defendant moved to dismiss the second indictment on the grounds that his speedy-trial rights had been violated, which the trial court overruled. The defendant subsequently pleaded no contest to reduced charges and was found guilty.
"The defendant appealed and the court of appeals held that his statutory right to a speedy trial had been violated as to the second indictment because the speedy-trial clock for those charges began to run on the date of his arrest, not on the date of the second indictment. The supreme court disagreed with the court of appeals, holding that the defendant's speedy-trial rights had not been violated. Citing Adams, the court stated:
"`Applying this standard to the instant case, we find that in issuing a second indictment against the defendant, the state was not subject to the speedy-trial time limits of the original indictment, since the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation. Baker,supra, at 111, 676 N.E.2d at 885-86.'
"In Baker, the second set of charges resulted from the complex and time-consuming process of checking the defendant's financial records. The state could not have known if additional charges were appropriate until that process was completed. The two sets of charges were based on separate sets of facts and did not arise from the `same sequence of events.' The court reasoned that `to require the state to bring additional charges within the time period of the original indictment, when the state could not have had any knowledge of the additional charges until investigating later-seized evidence, would undermine the state's ability to prosecute elaborate or complex crimes.' Id. at 111, 676 N.E.2d at 886." State v. Cooney (1997),124 Ohio App.3d 570, 572-573.
 {¶ 28} This, on the other hand, is a simple case. According to officers' notes that were produced as part of Armstrong's discovery request, the police patted down Armstrong and discovered rocks of crack cocaine in a baggie on his person. Armstrong admitted the substance was crack cocaine and admitted to being a drug abuser. Armstrong's car was then searched and two crack pipes discovered. Probable cause existed at that point for the felony possession charge.
 {¶ 29} The cases cited by the majority are clearly distinguishable from the instant fact pattern. As stated previously in Baker, the leading case on this issue, the second indictment resulted from a thorough and complex investigation of the defendant's financial and prescription records. The State was still in the process of gathering information to determine if additional charges were appropriate, and the two indictments did not arise out of the "same sequence of events." In Riley, the two charges arose out of two different searches. The defendant was arrested for DUI, his vehicle was searched later and a white powder was discovered. The powder was then sent to BCI for testing. After the powder tested positive for cocaine, Defendant was additionally charged with possession of cocaine. The Court specifically ruled that probable cause did not exist to charge the Defendant prior to the results of the test.
 {¶ 30} In Lekan and Cantrell, two other DUI cases, the defendant could not be charged with having a prohibited concentration of alcohol in his system without analysis of actual body fluids.
 {¶ 31} In Clark the police could not charge the defendant with possession of cocaine because they did not know who possessed it at the time of the initial charge. Defendant later admitted to possessing the drug and was subsequently charged as a result.
 {¶ 32} In Wangul the police were arresting the defendant at his residence on an outstanding warrant for grand theft when they discovered what appeared to be marijuana plants. Obviously the charges arose out of two different sets of facts.
 {¶ 33} Mr. Armstrong's case here does not involve a complex drawn-out investigation, the testing of bodily fluids, or the discovery of who possessed the drugs. It involved one simple pat-down search and arrest where cocaine was discovered on Mr. Armstrong's body. The defendant admitted it was crack cocaine and indicated he was a drug abuser. The police then searched his car and discovered two crack pipes. To allow the State to charge on these two offenses at two different times is the equivalent of giving judicial imprimatur to "piecemeal prosecution" and acts to erode the foundations of the "speedy trial protection" in multiple offense cases.
 {¶ 34} I cannot agree to this. I respectfully dissent.