[Cite as *State v. McClellan*, 2012-Ohio-6.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2011-0031 |
| LEVANDER V. MCCLELLAN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2008-0334

JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: January 3, 2012


APPEARANCES:


For Plaintiff-Appellee

RON WELCH
Assistant Prosecuting Attorney
Box 189
Zanesville, OH 43701

For Defendant-Appellant

DAVID A. SAMS
Box 40
W. Jefferson, OH  43162

*Gwin, P.J.*

{1} Defendant-appellant Levander V. McClellan appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which convicted him of felony non-support after a jury found him guilty. Appellant assigns six errors to the trial court:

{2} "I. DEFENDANT-APPELLANT WAS DENIED THE RIGHT TO A SPEEDY TRIAL IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS.

{3} "II. DEFENDANT-APPELLANT'S CONVICTION IS BASED ON INSUFFICIENT EVIDENCE AND IS OTHERWISE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS.

{4} "III. DEFENDANT-APPELLANT'S CONVICTION IS CONTRARY TO DUE PROCESS IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS.

{5} "IV. DEFENDANT-APPELLANT WAS DENIED DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS BY STRUCTURALLY INSUFFICIENT JURY INSTRUCTIONS.

{6} "V. DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS.

{7} "VI. DEFENDANT-APPELLANT WAS DENIED DUE PROCESS BY CUMULATIVE AND STRUCTURAL ERROR IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIIONS."

{8} The record indicates appellant was indicted on December 8, 2008, for felony non-support under both R.C. 2919.21(A) and (B) abandonment or failure to

provide adequate support and failure to provide support established by court order. On February 9, 2011, appellant was arrested. Trial was scheduled for May 3, 2011, but on February 17, 2011, appellant requested discovery from the State. The State responded to the discovery request on March 7, 2011. On April 27, the State moved to continue the trial until May 17, 2011. On May 16, 2011, at a hearing on defense counsel's motion to withdraw, appellant, acting pro se, moved for acquittal because of delays in bringing him to trial. The court overruled the motion, and on May 17, 2011, appellant's trial went forward.

I.

{9}     In its first assignment of error, appellant argues he was denied his right to a speedy trial in violation of State and Federal Constitutions. Appellant remained incarcerated from the day of his arrest until his trial.

{10}     The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. *State v. Baker*, 78 Ohio St.3d 108, 110, 1997–Ohio–229, 676 N.E.2d 883.

{11}     R.C. 2945.71(C)(2) states:

{12}     "(C) A person against whom a charge of felony is pending:

{13}     "* * *

{14}     "(2) Shall be brought to trial within two hundred seventy days after the person's arrest."

{15}     R.C. 2945.71(E) states:

{16}    " For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

{17}    Accordingly, the state had to begin its case within 90 days of appellant's arrest. However, the time constraints of R.C. 2945.71 may be extended in certain circumstances. R.C. 2945.72 states:

{18}    "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

{19}    "* * *

{20}    "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."

{21}    The State argues appellant was arrested on February 9, which made his initial try by date, May 3, 2011.  On February 17, 2011, defense counsel's motion for discovery tolled the speedy trial time until March 7, 2011, when the State responded. This moved the try by date back to May 27, 2011.  Appellant was tried on May 17, 2011.

{22}    Appellant urges his discovery request should not be deemed to have tolled the running of the speedy trial time.

{23}    Appellant concedes the Supreme Court has held a demand for discovery or for a bill of particulars is a tolling event pursuant to R.C. 2945.72 (E).  *State v. Brown,* 98 Ohio St. 3d 121, 2002-Ohio-7040, 781 N.E. 2d 159.  However, he urges tolling because of a defense motion under R.C. 2945.72 (E) should be only permissible if the motion actually causes a delay in the trial.  Otherwise, appellant argues, the State could hold its responses to discovery requests in order to delay trials to its advantage.  The

*Brown* case suggests the opposite, that is, if a defense discovery request did not toll the speedy trial time, a defendant could attempt to cause a speedy trial violation by filing discovery requests to divert the prosecution's attention from preparing for the trial.

Courts of Appeals have often reviewed claims the prosecution's response to defense requests for discovery resulted in an unreasonable delay in bringing the defendant to trial. See, e.g., *State v. Miller,* Franklin App. No. 06AP-36, 2006-Ohio-4, where in the Tenth District found the delay of eleven days to prepare a response to discovery was reasonable and tolled the speedy trial time.  The court cited various courts of appeals cases wherein a longer period of time was deemed reasonable, including  *State v. Risner,* Seneca App. No. 13–03–40, 2004–Ohio–186 (16); *City of Cleveland v. Sheldon,* Cuyahoga App. No. 82319, 2003–Ohio–6331 (22 days); and *State v. O'Keefe,* Fairfield App. No. 05–CA–53, 2006–Ohio–435 (23 days). The court also found Franklin County Common Pleas Loc. R. 75.03 provided that a party must promptly respond to a discovery request, and within 21 days from the date of the receipt of the demand except in capital cases.  *Miller,* at paragraph 11.

{24}    We find the trial court did not err in finding appellant's speedy trial rights were not violated.

{25}    Appellant also argues there was a delay between the time he was indicted and when he was served with the indictment.  He argues there was no showing by the state it had made reasonably diligent efforts to serve the indictment.

{26}    Failure to file a motion to dismiss on speedy trial grounds prior to trial prevents a defendant from raising a speedy trial issue on appeal. *State v. Taylor,*98 Ohio St. 3d 27, 2002-Ohio-7017, 781 N.E.2d 72.  It does not appear appellant raised

the issue of the delay between his indictment and his arrest to the trial court, although at sentencing appellant stated newspapers reported he had hidden from paying his child support. He informed the trial court he had not evaded arrest and if the prosecution had issued a warrant he would have been found.

{27} In *State v. Smith*, Cuyahoga App. No. 83022, 2003-Ohio-7076, the Eighth District Court of Appeals reviewed a case in which there was an eighteen month delay between the defendant's indictment for domestic violence and his arrest. The court found the defendant was arrested and spent several days in jail but was released without bond and without charges filed. Six weeks later he was indicted and the state sent notice of his indictment and arraignment date by certified mail. The mail did not include the apartment number and was eventually returned unclaimed. In his motion to dismiss on speedy trial grounds, appellant asserted he had no knowledge of the charges against him. He had filed a change of address notice with the post office and had received other mail forwarded from his previous address. Appellant argued his whereabouts were easily ascertainable and the state had not been diligent in serving notice of the indictment.

{28} The *Smith* court cited *Barker v. Wingo* (1972), 407 U.S. 514, 530, 92 S. Ct. 2182, wherein the United States Supreme Court set out four factors to apply in determining whether a right to speedy trial has been denied: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of his rights; and (4) prejudice to the accused. In *Dogget v. United States* (1992), 505 U.S.647, 651, 12 S. Ct. 2686, the Supreme Court found that the accused must make a threshold showing of an exceptional delay, that is, a presumptively prejudicial delay before the *Barker* analysis

is triggered.  One year is generally considered prejudicial. The *Smith* court found the state had failed to apprise the defendant and had not set out sufficient reason for the delay.

**{29}**   Because appellant did not challenge the state to show it had made diligent efforts to serve the indictment, the only material demonstrating the state's efforts is the record, which shows on December 5, 2008, the prosecuting attorney directed the clerk of courts to issue a warrant for an appropriate officer to execute at an address in Canton, Stark County, Ohio, and sent the warrant to the Sheriff of Stark County to arrest appellant and bring him before the court.  On June 15, 2009, the Stark County Sheriff's Office returned the warrant to the Muskingum County Sheriff's Office because it was unable to serve the warrant. The return states the policy of Stark County is to hold out-of-county warrants for a period of no longer than 60 days.

**{30}**   We find appellant did not raise the issue of pre-arrest delay in the trial court, and did not allege or demonstrate he had been prejudiced by the delay in serving the warrant.

**{31}**   The first assignment of error is overruled.

II. & III

**{32}**   In his second assignment of error, appellant argues his conviction is not supported by the sufficiency and manifest weight of the evidence.  He argues there was no evidence he was afforded notice and an opportunity to be heard with respect to the issuance of the original order and the 2001 modification.  It appears after an administrative review, income was imputed to him as the basis for the modification, and

the order itself was never presented in evidence. Finally, he argues the State proved no mens rea.

{33}    In his third assignment of error, appellant argues there had been no showing he was given notice, was represented by counsel, and had the opportunity to be heard when the orders were entered.

{34}    Lisa Jonard, a case manager for the Muskingum County Child Support Enforcement Agency, testified appellant was originally ordered to pay child support in September, 1992. She testified from 1992 to the date of the trial, appellant had made two payments of $187 and one payment of $120. The original order was for $134.07 and in 2001, it was raised to $200.71 per month. The case worker testified there was never a point in time when appellant was not required to pay child support. The case manager testified the current balance as of April 30, 2011 for $40,050.23, and appellant had paid $494.00 during the child's life.

{35}    The case manager testified there had been numerous attempts to file civil contempt actions. In 1998, they had their only successful service of a notice to appear at a court hearing. Appellant did not appear at the hearing and a bench warrant was issued. Ultimately, appellant did attend the hearing and signed an agreed entry of his child support. The case manager also testified if child support is not paid through the Bureau but is given directly to the mother or to the child, it is considered a gift. She testified the support order was terminated in September 2010 because the child became emancipated.

**{36}** We find the record demonstrates appellant was aware of his support obligation at least from 1998, and not only did not pay the amount in the most recent order, or he did not even pay the amount he had agreed to in 1998.

**{37}** Appellant was charged under both R.C. 2919.21(A) and (B). They provide:

**{38}** "(A) No person shall abandon, or fail to provide adequate support to:

**{39}** "***

**{40}** "(2) The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one;

**{41}** "***

**{42}** "(B) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."

**{43}** The state did not have to introduce the support order or prove appellant was aware of it, to convict appellant under R.C. 2929.21(A).

**{44}** The second and third assignments of error are overruled.

IV.

**{45}** In his fourth assignment of error, appellant argues the jury instructions were insufficient, because they did not mention the elements of mens rea and of the existence of a valid support order. He also argues the jury instructions did not define the element of failing to provide adequate support despite his ability and means to do so.

**{46}** The jury was instructed that before it could find the defendant guilty of non-support it must find beyond a reasonable doubt that between the dates of November 1, 2006, and October 31, 2008, and in Muskingum County, Ohio, the

defendant had abandoned or failed to provide adequate support to his child under the age of 18, having failed to provide support for a total accumulated period of 26 weeks out of the 104 consecutive weeks commencing November 1, 2006, and ending October 31, 2008. The trial court also gave the jury an instruction on the definition of the word abandoned, explaining the word abandoned means to willfully desert or give up with intention to cause a permanent separation.

{47} Appellant could be convicted of R.C. 2919.21(A) without proof of a support order or decree if the jury found he had abandoned or failed to provide adequate support to his minor child. See supra.

{48} R.C. 2919.21 (D) provides that it is an affirmative defense to a charge of failure to provide adequate support under Subsection (A) or charge a failure to provide support as established by a court order under Division (B) that the accused was unable to provide adequate support or the established support but did provide the support that was in the accused ability and means. Thus, the State was not required to prove as an element of the crime that appellant had the ability to pay. Appellant did not raise this affirmative defense, but merely argued he had no notice of the order to pay child support.

{49} We find the jury instructions were an accurate statement of Ohio law.

{50} The fourth assignment of error is overruled.

V.

{51} In his fifth assignment of error, appellant argues he was denied the effective assistance of counsel. To show ineffective assistance of counsel, appellant must satisfy a two-prong test. *Strickland v. Washington* (1984), 466 U.S. 668, 669. First,

he must show that his trial counsel engaged in a substantial violation of any essential duty to his client. *State v. Bradley* (1989), 42 Ohio St.3d 136, 141, quoting *State v. Lytle* (1976), 48 Ohio St.2d 391, 396. Second, he must show that his trial counsel's ineffectiveness resulted in prejudice. *Bradley*, at 141-142, quoting *Lytle*, at 396-397. "Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel." *Bradley,* paragraph three of the syllabus.

{52}    Appellant argues his counsel's performance was ineffective, based upon his arguments in I, II, III, and IV supra.  Because we find no error in any of those assignments of error, we find defense counsel's performance was not deficient.

{53}    The fifth assignment of error is overruled.

VI.

{54}    In his sixth assignment of error, appellant argues in light of the foregoing assignments of error, the cumulative effect of those errors denied him due process. Because we find no error in I through V, we find no cumulative error.

{55}    The sixth assignment of error is overruled.

**{56}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY

WSG:clw 1209

[Cite as *State v. McClellan*, 2012-Ohio-6.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LEVANDER V. MCCLELLAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2011-0031 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY