DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio ("Appellant") appeals the judgment of the Adams County Court of Common Pleas finding that the constitutional and statutory speedy-trial rights of Floyd Thomas ("Appellee") were violated, and dismissing the charges pending against him. The Appellant claims error below in dismissing the Appellee's indictment pursuant to the speedy-trial statute, R.C. 2945.71. The Appellant makes this assertion because there were no charges pending against the Appellee from the time he was released on November 15, 2004, after entering a plea of no contest to a minor *Page 2 
misdemeanor, until the issuance of the grand jury indictment on December 19, 2005. Because the second count, weapons under disability, arose from the same set of facts as did the original misdemeanor, the trial court properly dismissed that count as violating the Appellee's statutory speedy-trial rights. Because the first count, trafficking in drugs, arose from a different set of facts, the Appellee's statutory speedy-trial rights were not violated and the trial court erred in dismissing in it. Accordingly, we affirm the decision of trial court in part, reverse in part and remand for proceedings consistent with this opinion.
 I. Facts {¶ 2} On November 12, 2004, the Adams County Sheriffs Department executed a search warrant at the Appellee's home. The warrant was based upon two undercover buys of drugs from the Appellant by a confidential informant that took place on October 20, 2004 and November 8, 2004. During the search, Adams County Sheriffs Deputies seized a small amount of marijuana, eight firearms, and a quantity of pills appearing similar to those that had been purchased earlier in one of the controlled buys.
 {¶ 3} The Appellee was arrested by the Deputies performing the search and was booked into the Adams County jail for possession of marijuana and having weapons under disability. He was held in jail for three *Page 3 
days and on November 15, 2004 appeared in the Adams County Court of Common Pleas and pled guilty to the minor misdemeanor of possession of marijuana. He was ordered to pay a fine of $150.00 and court costs. The Appellee was released from the Adams County jail later that day. The felony weapons under disability charge was not filed in the county court at that time, and the Appellee was not required to post bond on any charge.
 {¶ 4} On December 19, 2005, the Adams County Grand Jury issued a two-count indictment against the Appellee, charging him with trafficking in drugs in violation of R.C. 2925.03(A)(1) for conduct alleged to have taken place on November 8, 2004, as well as weapons under disability in violation of R.C. 2923.13 for conduct alleged to have occurred on November 12, 2004. He was not arrested pursuant to the indictment, but was served with a summons on December 26, 2005. He was arraigned on January 3, 2006, at which time the trial court granted him a recognizance bond. He remained free on such bond at all times after being served with the indictment.
 {¶ 5} On February 9, 2005, the Appellee filed a motion to dismiss the indictment, alleging that he was entitled to a discharge under R.C.2945.73(B) because his statutory rights under R.C. 2945.71(C)(2) had been violated. The trial court held an evidentiary hearing on the matter on March 27, 2006. On *Page 4 
April 28, 2006, the trial court granted the Appellee's motion to dismiss. The Appellant now appeals that decision, assigning the following error:
 {¶ 6} THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT AGAINST THE APPELLEE AND FINDING THAT THERE HAD BEEN A VIOLATION OF HIS CONSTITUTIONAL AND SPEEDY TRIAL RIGHTS.
 II. Standard of Review {¶ 7} The Appellant argues that the trial court erred when it dismissed the indictment against the Appellee and determined that the Appellant had violated the Appellee's constitutional and statutory speedy-trial rights. The Ohio speedy-trial statute is constitutional, mandatory, and must be strictly construed against the state. State v.McKinney (July 17, 1998), Ross App. No. 97CA2345, 1998 WL 425996, citingState v. Singer (1977), 50 Ohio St.2d 103, 109, 362 NE.2d 1216. Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. State v. Howard (1992), 79 Ohio App.3d 705, 707,607 NE.2d 1121. At that point, the burden is upon the state to demonstrate any tolling or extension of the time limit. Howard at 707. If the state fails to comply with the mandates of the Ohio speedy-trial statute, the defendant must be discharged. R.C. 2945.73.
 {¶ 8} Appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy-trial provisions involves a mixed question of law and fact. See, e.g., State v.Pinson, Scioto App. No. *Page 5 
00CA2713, 2001-Ohio-2423; State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307, 1998 WL 321535; State v. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, 1998 WL 37494. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. See, e.g., Kuhn;Pilgrim; State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980,1994 WL 655905.
 III. Argument {¶ 9} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy-trial by the state.State v. O'Brien (1987), 34 Ohio St.3d 7, 516 NE.2d 218. In Barker v.Wingo (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101,112-13, the United States Supreme Court declared that, with regard to fixing a time frame for speedy-trials, "[t]he States * * * are free to prescribe a reasonable period consistent with constitutional standards * * *." To that end, the Ohio General Assembly enacted R.C. 2945.71 in order to comply with the Barker decision. See, also, State v. Lewis
(1990), 70 Ohio App.3d 624, 591 NE.2d 854. *Page 6 
 {¶ 10} R.C. 2945.71 states in pertinent part: "(C) A person against whom a charge of felony is pending * * * (2) Shall be brought to trial within two hundred seventy days after his arrest.
 {¶ 11} Recently, in State v. Azbell, 112 Ohio St.3d 300,2006-Ohio-6552, 859 N.E.2d 532, the Ohio Supreme Court held that for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance. Id. at ¶ 21. However, further considerations are necessary when subsequent indictments arise from the same facts that led to the initial charge.
 {¶ 12} "* * * [W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." State v. Adams (1989),43 Ohio St.3d 67, 68, 538 N.E.2d 1025, quoting State v. Clay (1983),9 Ohio App.3d 216, 218, 9 OBR 366, 459 N.E.2d 609. The Ohio Supreme Court addressed this issue again in State v. Baker, 78 Ohio St.3d 108,1997-Ohio-229, 676 N.E.2d 883. "In prior cases, we have dealt with the problem of multiple indictments in relation to Ohio's speedy-trial statute. Specifically, we have held that subsequent charges made *Page 7 
against an accused would be subject to the same speedy-trial constraints as the original charges, if additional charges arose from the same facts as the first indictment." Id. at 110. "* * * [T]he holdings of Baker andAdams, which, combined, stand for the proposition that speedy-trial time is not tolled for the filing of later charges that arose from the facts of the criminal incident that led to the first charge." State v.Parker, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, at ¶ 20.
 {¶ 13} In the case sub judice, the Appellee was arrested on November 12, 2004 both for possession of marijuana and having weapons under disability. Though he pled guilty to marijuana possession three days later, he was neither indicted nor made to post bail for the weapons under disability arrest. Over a year later, the Appellee was indicted on two felony counts, the second count being the same weapons under disability charge the Appellee was arrested for on November 12, 2004. The Appellant argues that since the Appellee was not originally indicted for the weapons under disability charge, the applicable 270 day speedy-trial time limit only started to run upon the December 19, 2005 indictment. However, it is clear the weapons under disability indictment arose from the same facts and circumstances that resulted in the Appellee pleading guilty to marijuana possession on November 15, 2004. Thus, the weapons under disability indictment of December 19, 2005 *Page 8 
was a subsequent charge based on the same facts as the original charge. Accordingly, under the holdings in Baker and Adams, the speedy-trial clock started to run in November of 2004. As such, count two of the indictment of December 19, 2005, for weapons under disability, was barred by R.C. 2945.71(C) and we affirm the decision of the trial court on this count. However, as to the first count of the indictment, we arrive at a different conclusion.
 {¶ 14} "[I]n State v. Baker (1997), 78 Ohio St.3d 108, 112,676 N.E.2d 883, we acknowledged an exception to the speedy-trial timetable for subsequent indictments: `When additional criminal charges arise from facts distinct from those supporting an original charge, or the state was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 et seq.'" Parker at ¶ 19. "The holding in Baker is disjunctive, i.e. the state need only establish one of the two scenarios, either different facts or lack of knowledge."State v. Smith, 11th Dist. No. 2004-A-0089, 2006-Ohio-5187, at ¶ 29.
 {¶ 15} In circumstances similar to the case at bar, other Ohio appellate courts have held that indictments based on different facts do not start the speedy-trial clock. In State v. Skorvanek, 9th Dist. No. 05CA008743, 2006-Ohio-69, *Page 9 
the defendant was indicted both in June of 2004 and in March of 2005 for various drug offenses. All the events which led to the two indictments took place on various dates in March and April of 2004. The defendant argued the events which gave rise to both indictments were gathered under the umbrella of a single investigation and were known to the state at the time of the first indictment and, thus, the time limit should have begun to run at the time of the first indictment. Because the events on which the second indictment was based took place on different dates than those of the first indictment, though all the dates were within the same general time-frame, the court found otherwise. "It is apparent that while the investigation of Appellee may have been ongoing, the offenses with which he is charged were separate and distinct from one another." Id. at ¶ 15.
 {¶ 16} The case of State v. Smith, supra, has a fact pattern strikingly similar to the case at bar. In Smith, the defendant was indicted on drug charges both in November of 2002 and in May of 2003. The event which led to the first indictment, a search warrant at the defendant's residence, occurred on November 15 2002. The events which led to the second indictment, controlled drug buys, occurred from September 18 to November 13, 2002. The defendant maintained the second indictment was subject to a timetable beginning on November 18, 2002, the date he was charged with crimes *Page 10 
issuing from the search of his residence. His position rested upon the argument that the speedy-trial clock began to run when the state had knowledge and possession of the facts needed to indict him. The court disagreed and stated the following:
 {¶ 17} "[The defendant's] argument is flawed. While the state may have possessed the knowledge of the facts appearing in the May 9, 2003 indictment prior to November 18, 2002, such knowledge is not dispositive of the speedy-trial analysis. The holding in Baker is disjunctive and specifically sets forth two scenarios, either of which will reset the speedy-trial timetable for charges arising from a subsequent indictment. Pursuant to Baker, we hold that even though the state was aware of the substantive facts supporting the May 9, 2003 indictment, the charges resulting from the November 15, 2002 search and seizure were factually different from the charges arising from the May 9, 2003 indictment. Even though all the charges in question were a function of an "ongoing investigation," the multiple prosecutions did not arise from the "same facts" or "same set of circumstances." Smith at ¶ 27.
 {¶ 18} In the case sub judice, unlike his indictment for weapons under disability, the Appellee's indictment for trafficking was not based on the events of November 12, 2004. Rather, it was based on a drug buy that occurred four days earlier, on November 8. Because the holding inBaker is *Page 11 
disjunctive, the Appellant need only establish either lack of knowledge or different facts. Even if the Appellant knew all the facts necessary for the second indictment at the time of the first indictment, the two indictments were clearly based on a different set of circumstances. As stated in Smith, "[i]n short, a controlled buy which occurred on [a different date] is distinguishable from a possession of controlled substances charge arising from the search warrant." Id. at 28. Accordingly, as to the second count of the Appellee's December 19, 2005 indictment, the speedy-trial clock did not start running until the indictment was issued. As such, we overrule the trial court's decision granting the Appellee's motion to dismiss as to the second count of the indictment.
 IV. Conclusion {¶ 19} In the Appellee's two-part indictment, the second count, weapons under disability, was a subsequent indictment that arose from the same facts as did the original conviction for marijuana possession. Accordingly, the speedy-trial time limit for that count began to run at the time Appellee was held for the original arrest and the trial court properly dismissed that count as violating R.C. 2945.71. However, the first count of the indictment, trafficking in drugs, arose from a drug buy that took place before the original arrest. Because the facts of the first count of the indictment were *Page 12 
not the same facts as those of the original arrest, the speedy-trial clock did not start running until the Appellee was indicted on that count. As such, the trial court improperly dismissed the first count of the indictment. Accordingly, we affirm the decision of trial court in part, reverse in part and remand for proceedings consistent with this opinion.
 JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED. *Page 13 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND THE CAUSE REMANDED and that the Appellee and the Appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Abele, J.: Concur in Judgment and Opinion. *Page 1