[Cite as *State v. Hall*, 2010-Ohio-6146.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 09CA800 |
| vs. | : | |
| MICHAEL S. HALL, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Timothy Young, Ohio Public Defender, and Spencer
Cahoon, Assistant Ohio Public Defender, 250 East
Broad Street, Ste. 1400, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:     Robert Junk, Pike County Prosecuting Attorney, 100
East Second Street, Waverly, Ohio 45690

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-17-10

ABELE, J.

{¶ 1}   This is an appeal from a Pike County Common Pleas Court judgment of
conviction and sentence.   Michael S. Hall, defendant below and appellant herein, pled
no contest to the illegal possession of a weapon in a school safety zone in violation of
R.C. 2923.122 (B).   Appellant assigns the following error for review:

> " * * * THE TRIAL COURT ERRED WHEN IT HELD THAT
> COUNT NINE, IN MR. HALL'S CASE, AROSE FROM
> DIFFERENT FACTS THAT [sic] COUNTS ONE THROUGH
> EIGHT, AND APPLIED A DIFFERENT SPEEDY TRIAL
> CALCULATION."

{¶ 2}   Appellant, apparently distraught over his separation and divorce, entered

an "MRDD" bus driven by his estranged wife, brandished a gun, took his wife from the bus, "beat her in the head a couple of times" and forced her into his car. Sheriff's Deputies gave chase, but appellant eluded them. Appellant then released his estranged wife a few hours later at his parents' home. Later that day, authorities apprehended appellant and he remained in jail. The Pike County Grand Jury returned an indictment that charged appellant with four counts of kidnapping, two counts of felonious assault, two counts of failure to comply with the orders of a police officer and one count of the illegal possession of a weapon in a school safety zone. Appellant pled not guilty to all charges.

**{¶ 3}** Subsequently, appellant filed a motion to dismiss the indictment on grounds that the statutory speedy trial time had expired. At the hearing, appellee conceded that, as a result of a typographical error, speedy trial time for the offenses expired on November 1, 2009, consequently, the first eight counts of the indictment should be dismissed.[1] However, appellee argued that count nine should not be dismissed because (1) appellant was not arrested on count nine of the indictment, and (2) this particular charge was not brought against appellant until the Pike County Grand Jury met.

**{¶ 4}** After taking the matter under advisement and considering each side's memoranda, the trial court issued two separate judgments on November 13, 2009: (1)

---

[1] The error apparently occurred when the date of the offenses were set forth in the indictment as August 20th, rather than August 3rd. The prosecutor explained that when he initially calculated the deadline for bringing the case to trial, he based his calculations on the August 20th date. Of course, as long as human beings are involved in any process, these kinds of mistakes can and do occur.

the first judgment dismissed counts one through eight of the indictment for the violation of statutory speedy trial, and (2) the second judgment overruled appellant's motion to dismiss count nine of the indictment. The court reasoned that appellant was not jailed for that particular charge and, thus, the speedy trial statute's "triple-count mechanism" did not apply. Appellant thereafter pled "no contest" to count nine, the trial court found him guilty of the offense and sentenced him to serve twelve months in prison. This appeal followed.

**{¶ 5}** Appellant's sole assignment of error asserts that the trial court erred by overruling his motion to dismiss count nine of the indictment. At the outset, we note that a review of a trial court decision on a speedy trial issue involves mixed questions of law and fact. State v. Toler, Ross App. No. 09CA3103, 2009-Ohio-6669, at ¶15; State v. Alexander, Scioto App. No. 08CA3221, 2009-Ohio-1401, at ¶15. In other words, appellate courts accord due deference to trial court factual findings if these findings are supported by competent, credible evidence, but review de novo whether the trial court properly applied the law to the facts of the case. State v. Skinner, Ross App. No. 06CA2931, 2007-Ohio-6320, at ¶8; State v. Thomas, Adams App. No. 06CA825, 2007-Ohio-5340 at ¶8.

**{¶ 6}** In the case sub judice, no factual disputes exist. Rather, the dispute centers on the application of the law. R.C. 2945.71 requires a defendant be brought to trial within two hundred seventy (270) days of arrest. Id. at (C)(2). Further, days spent in jail must be counted as three days (the triple count mechanism). Id. at (E). If a defendant is not tried within this time frame, and no tolling events intercede, the defendant must be discharged. R.C. 2945.73.

{¶ 7} Once again, all parties agree that statutory speedy trial time expired with respect to the first eight counts of the indictment. The more difficult issue involves count nine. Appellee argues that speedy trial time did not expire because appellant was not arrested for the charge of illegal possession of a weapon in a school safety zone. Indeed, not until two months later, when the Grand Jury considered the case, did the appellee determine that the facts also supported a R.C. 2923.122(B) violation. However, we believe that the issue in the instant case is not the particular offense for which appellant was arrested, but, rather, whether his possession of a weapon in a school safety zone arose from the same course of events as the other charges. See R.C. 2945.71(D).[2] We believe that it did. The weapon appellant possessed in a school safety zone is the same weapon that the prosecutor said appellant used to "take her [his estranged wife] off the bus." It also appears that this is the same "deadly weapon" used in the felonious assault. In short, count nine of the indictment, is intertwined with, and arose out of, the same acts that gave rise to the other eight charges. The fact that appellant was not originally arrested for violating R.C. 2923.122(B), but was later indicted by the Grand Jury for that offense, does not change the result. In State v. Adams (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025, the Ohio Supreme Court held that when "new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to

---

[2] Subsection (D) provides "[a]" person against whom one or more charges of different degrees . . . all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged . . ." (Emphasis added.)

the same statutory limitations period that is applied to the original charge."   See also,

State v. Parker 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, that holds that

when multiple charges arise from a criminal incident and share a common litigation

history, pretrial incarceration on the multiple charges constitutes incarceration on the

"pending charge" for purposes of the R.C. 2945.71(E) speedy trial statute triple count

provision.

{¶ 8}   Appellee counters that it had not "uncovered the facts" that led to the

charge in count nine and more "investigating would need to be done" to uncover those

facts.   For example, the appellee argues that simply because a "vehicle is yellow with

black writing on the side of it is not a guarantee that the vehicle comes under the

definition of school safety zone."   Appellee thus contends that more research and

investigation into pertinent statutes was required before any such determination could

be made.   We disagree with appellee's argument.

{¶ 9}   First, legal research does not constitute fact-finding or additional

investigation.   Just as appellant is charged with constructive knowledge that his actions

would violate R.C. 2923.122(B), so, too, should law enforcement authorities be charged

with the knowledge of what actions constitute a criminal offense.

{¶ 10} Second, the operative facts for count nine of the indictment are (1)

appellant possessed a gun, and (2) he carried it inside the bus.   Those facts were

apparent at the time of the offense and no further investigation was necessary.

Therefore, pursuant to R.C. 2945.71(D), the speedy trial deadline for count nine is the

same for count one (kidnapping).   Consequently, having concluded that speedy trial

time expired for count one, the trial court should have also concluded that speedy trial

time expired for count nine.

{¶ 11} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's assignment of error, reverse the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be reversed, that the cause be remanded for further proceedings and that appellant recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.