[Cite as *State v. Penn*, 2015-Ohio-3473.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101982**

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## RAHEEM J. PENN

DEFENDANT-APPELLEE

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582136-A

**BEFORE:** S. Gallagher, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 27, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Anthony Thomas Miranda
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Mark B. Marein
Michael I. Marein
Marein and Bradley
Leader Building 222
526 Superior Avenue
Cleveland, OH    44114

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant state of Ohio appeals the judgment of the trial court that granted appellee's motion to dismiss on speedy trial grounds. Upon review, we reverse and remand the matter to the trial court.

**{¶2}** On August 14, 2012, appellee Raheem J. Penn was arrested by Beachwood police as a result of an incident occurring at Beachwood Place Mall. He was found to be in possession of numerous gift cards and a counterfeit Pennsylvania driver's license.

**{¶3}** Within 48 hours of his arrest, Penn was placed on a felony investigative hold because of the possession of the gift cards. Thereafter, Penn posted bond.

**{¶4}** As a result of the incident at Beachwood Mall, Penn was charged with obstruction of official business, a second-degree misdemeanor, in Shaker Heights Municipal Court on or about August 17, 2012. He pled no contest and entered a first-offender program.

**{¶5}** In the days following Penn's arrest, the investigating officer, Det. Kevin Owens, swiped the gift cards through a MagTek reader and discovered that a number of the gift cards had been recoded with "some other unsuspecting person's actual credit card number." Det. Owens contacted the various credit card institutions, verified the credit card numbers, and made fraud inquiries. The credit card companies were reluctant to provide cardholder names. Det. Owens checked to see if the credit card companies would be seeking restitution or become involved as victims in the case.

{¶6} Det. Owens learned that most of the credit card numbers coded to the gift card magnetic strips had been reported as "fraud use" and closed. Nine of the credit card numbers were considered active and were able to be charged for purchases. Det. Owens learned that on the day of Penn's arrest, several of the stolen credit card numbers were charged or attempted to be charged to make purchases in five stores in Beachwood Place Mall. Others had been used in Northeast Ohio. Penn was positively identified by a cashier in a photo lineup administered on or about September 13, 2012. The final entry on the investigative report, dated September 14, 2012, states as follows: "The case will be submitted for review by prosecutors regarding charging Penn for his purchases and attempted purchases using gift cards recoded with stolen credit card numbers." Det. Owens testified that as of September 14, 2012, which was 30 days following Penn's arrest, he had verified that the gift cards were fraudulent and had actually been used to make purchases.

{¶7} Subsequently, in April and May 2013, the Beachwood police received verification letters from the credit card institutions Det. Owens had contacted. These letters from the credit card institutions verified that the gift cards confiscated from Penn had stolen credit data recoded on them.

{¶8} Det. Michael McFadden, who was assigned to the case after Det. Owens received a promotion to sergeant, conceded that within 30 days of Penn's initial arrest on August 14, 2012, the investigation had resulted in the identification of all of the credit card institutions whose credit cards were being used as fraudulent by Penn. He further

confirmed that a warrant was not issued for Penn's arrest on charges related to those credit cards until "500 plus days later[.]"

**{¶9}** It was not until January 2014 that a warrant was issued for Penn's arrest for the charges in this case. He was arrested on January 27, 2014, and indicted on February 10, 2014. The indictment charged Penn with six fifth-degree felony counts of receiving stolen property, six first-degree misdemeanor counts of petty theft, six first-degree misdemeanor counts of misuse of credit cards, one fifth-degree felony count of possessing criminal tools, and one first-degree misdemeanor count of falsification.

**{¶10}** Penn filed a motion to dismiss on speedy trial grounds and a motion to dismiss on double jeopardy grounds. Following an evidentiary hearing, the trial court granted the motion to dismiss on speedy trial grounds. The court stated on the record as follows:

> Based upon the testimony of witnesses, sufficient information was available at the time that the defendant was charged with obstruction that the theft and misuse of credit cards should have been brought in the case as well.

> The case was subsequently not indicted for close to two years, I believe. 500-some days.

**{¶11}** The state of Ohio has appealed the trial court's decision. Under its sole assignment of error, the state claims the trial court erred in granting Penn's motion to dismiss on speedy trial grounds.

**{¶12}** Appellate review of a trial court's decision on a motion to dismiss for a speedy trial violation involves a mixed question of law and fact. *State v. Loder*, 8th Dist. Cuyahoga Nos. 93242 and 93865, 2010-Ohio-3085, ¶ 9. Although we accord due

deference to a trial court's findings of fact if supported by competent, credible evidence, we must determine independently if the trial court correctly applied the law to the facts of the case. *Id.* Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. *Id.*

{¶13} Pursuant to R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." In considering multiple indictments, the Ohio Supreme Court has held:

> "When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge."

*State v. Baker*, 78 Ohio St.3d 108, 111, 1997-Ohio-229, 676 N.E.2d 883, quoting *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). Conversely, the Ohio Supreme Court has held:

> In issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment.

*Baker* at syllabus. "'The holding in *Baker* is disjunctive and specifically sets forth two scenarios, either of which will reset the speedy-trial timetable for charges arising from a subsequent indictment.'" *State v. Mohamed*, 10th Dist. Franklin No. 08AP-960, 2009-Ohio-6658, ¶ 30, quoting *State v. Thomas*, 4th Dist. Adams No. 06CA825, 2007-Ohio-5340, ¶ 17. "The key questions that must be considered are whether the additional criminal charges arise from facts different from the original charges, and

whether the state knew of these facts at the time of the initial charge." *State v. Robertson*, 8th Dist. Cuyahoga No. 93396, 2010-Ohio-2892, ¶ 18, citing *Baker*.

**{¶14}** A review of the record reflects that the municipal charge for obstruction of official business arose from Penn's conduct in lying to the police about his identity and using a fake driver's license. Although the gift cards were confiscated on the same date, the charges related thereto arose from distinct facts. Further, although police suspected fraudulent conduct relating to the gift cards, which resulted in a felony investigative hold being placed on Penn, their suspicions were not confirmed until a further investigation was conducted, which was beyond the August 17, 2012 date of the obstruction charge.

**{¶15}** This case is distinguishable from *State v. Williams*, 8th Dist. Cuyahoga Nos. 52297 to 52301, 1987 WL 13024 (June 18, 1987), wherein the police arrested a defendant for possessing one stolen credit card that she attempted to use at a department store. Upon searching the defendant, the police found two other credit cards bearing another person's name in the defendant's possession that they suspected were stolen. *Id*. The defendant was not indicted for possessing the three stolen credit cards until over a year after her arrest, and she successfully moved to dismiss the indictment for failure to provide a speedy trial. *Id*. Under those circumstances, the court found the state arrested the defendant with knowledge of the additional offenses involving the same facts and circumstances as the charge for which she was arrested, and the state had a duty to try the defendant for those offenses within the same speedy- trial time limits. *Id*.

{¶16} Unlike *Williams*, there was no personal identifying information on the face of the gift cards found in Penn's possession and the additional charges arose from facts different from the original charge. It was not until after Penn was charged with obstruction of official business that the police determined that many of the confiscated gift cards were connected with stolen credit card numbers that were used to make purchases at the mall. The police did not have knowledge of these pertinent facts at the time of the initial indictment. This situation is similar to traffic-stop cases in which laboratory drug-testing results that were not known at the time of the original indictment have been deemed to constitute "additional facts" warranting the triggering of a new speedy trial clock. *See State v. Vasquez*, 10th Dist. Franklin No. 13AP-366, 2014-Ohio-224, ¶ 27-41; *State v. Brown*, 10th Dist. Franklin No. 12AP-292, 2012-Ohio-5903, ¶ 11-13.

{¶17} In this case, the record shows that additional facts, which formed the basis of the subsequent charges brought in this case, became known upon the ensuing investigation into the gift cards. Det. Owens obtained a MagTek card reader and determined that some of the gift cards had been recoded. He contacted the credit card institutions to determine if the credit cards connected to the gift cards had been stolen. He also investigated whether the cards were used to make purchases. Det. Owens testified that within 30 days of Penn's initial arrest, he verified that the gift cards were fraudulent. Det. McFadden confirmed that within 30 days of Penn's initial arrest, the investigation had resulted in the identification of all of the credit card institutions whose

credit cards were being used as fraudulent by Penn. Subsequently, the police obtained verification letters in April and May 2013.

**{¶18}** The record reflects that the additional criminal charges that were brought against Penn arose from facts different from the original charge. Simply put, the subsequent charges did not arise from facts that related to the original charge but, rather, involved different facts relating to the gift cards that were confiscated from Penn, which facts were not known at the time of the initial indictment.

**{¶19}** Accordingly, the speedy trial clock for the underlying charges herein did not arise until Penn's arrest on January 27, 2014, and Penn's statutory and constitutional rights to a speedy trial were not violated. We find the trial court erred in dismissing the case on speedy trial grounds. Appellant's first assignment of error is sustained.

**{¶20}** Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR