[Cite as *State v. Wood*, 2021-Ohio-2.]

w COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

DONALD L. WOOD

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2020 CA 00023

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Municipal Court, Case No. 18 TRC 0469 |
| JUDGMENT: | Reversed |
| DATE OF JUDGMENT ENTRY: | January 4, 2021 |

APPEARANCES:

For Plaintiff-Appellee

MITCHELL R. HARDEN
ASSISTANT CITY PROSECUTOR
136 West Main Street
Lancaster, Ohio 43130

For Defendant-Appellant

ANDREW T. SANDERSON
BURKETT & SANDERSON, INC.
738 East Main Street
Lancaster, Ohio 43130

*Wise, J.*

{¶1}   Appellant Donald Wood appeals the judgment of the Fairfield County Municipal Court after entering a plea of no contest to one count of a Driving While Under the Influence of Alcohol or Drugs. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On August 12, 2017, Fairfield County deputies discovered Appellant passed out behind the wheel of a vehicle at the scene of an automobile accident. At the scene, Appellant appeared confused, and his eyes were glazed over. Appellant had a clear and shiny residue dripping down the side of his mouth.

{¶3}   In the car, deputies found a bottle of air duster on the driver side floorboard, and Appellant admitted to "huffing" for about an hour. Additional air dusters were discovered on the passenger floor board, with a receipt showing they had been purchased that day. One of the air duster cans was ice cold and had frost on it, indicating recent use. Deputies arrested Appellant after the investigation.

{¶4}   On August 14, 2017, Defendant was charged with one count of felony Abusing Harmful Intoxicants in violation of R.C. 2925.31 in the Fairfield County Common Pleas Court.

{¶5}   On January 12, 2018, Appellant was charged with one count of misdemeanor Driving While Under the Influence of Alcohol or Drugs in violation of 4511.19(A)(1)(a) in the Fairfield County Municipal Court. However, Appellant was not successfully served with the Driving While Under the Influence of Alcohol or Drugs charge until May 15, 2018.

{¶6} The felony and the misdemeanor case proceeded independently of each other. The Driving While Under the Influence of Alcohol or Drugs charge was scheduled for trial on July 11, 2018. Appellant failed to appear, and a bench warrant was issued for Appellant's arrest.

{¶7} On October 1, 2018, Appellant entered a guilty plea to the felony Abusing Harmful Intoxicants charge in Fairfield County Common Pleas Court.

{¶8} On December 6, 2019, the Municipal Court recalled its warrant and set a trial date for February 13, 2020.

{¶9} On February 5, 2020, Appellant filed two separate motions to dismiss alleging that the Driving While Under the Influence of Alcohol or Drugs charge should be dismissed for both double jeopardy and speedy trial violations.

{¶10} On February 27, 2020, the trial court overruled Appellant's motions to dismiss.

{¶11} On May 20, 2020, Appellant entered a plea of no contest to the Driving While Under the Influence of Alcohol or Drugs charge.

## ASSIGNMENTS OF ERROR

{¶12} On May 21, 2020, Appellant filed a notice of appeal. He herein raises the following sole assignment of error.

{¶13} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO DISMISS THE CHARGES AGAINST THE DEFENDANT-APPELLANT."

## I.

### a. Speedy Trial Bar to Further Prosecution

{¶14} Appellant argues the trial court erred in allowing his prosecution in violation of his right to a speedy trial. We agree.

{¶15} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

{¶16} R.C. 2945.71(B) provides, "a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial * * * within ninety days after the person's arrest or the service of summons."

{¶17} R.C. 2945.71(C) provides, "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest.

{¶18} R.C. 2845.71(D) provides, "[a] person against whom one or more charges of different degrees * * * all of which arose out of the same act or transaction, are pending shall be brought to trial on all charges within the time period required for the highest degree of offense charged[.]"

**{¶19}** A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin*, 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. We apply a de novo standard of review with regard to legal issues.

**{¶20}** When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶12.

**{¶21}** "[S]ubsequent charges made against an accused would be subject to the same speedy-trial constraints as the original charges, if additional charges arose from the same facts as the first indictment." *State v. Baker*, 78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883 (1997), citing *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). " 'When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which the trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.' " *Id.* at 111, citing *Adams* at 68.

**{¶22}** Below are the pertinent dates:

**{¶23}** On August 12, 2017, Appellant was originally arrested.

**{¶24}** On August 14, 2017, Appellant was indicted in Fairfield County Common Pleas Court for Abusing Harmful Intoxicants, a felony.

**{¶25}** On January 12, 2018, Appellant was indicted in Fairfield County Municipal Court for Driving Under the Influence of Alcohol or Drugs, a misdemeanor.

**{¶26}** On May 15, 2018, Appellant is successfully served with the misdemeanor charge.

**{¶27}** On July 11, 2018, Appellant failed to appear on the scheduled trial date.

**{¶28}** On October 1, 2018, Appellant entered a plea of guilty on the felony case in Fairfield County Common Pleas Court.

**{¶29}** On December 6, 2019, the misdemeanor case was recalled and scheduled for trial.

**{¶30}** On February 5, 2020, Appellant files motions to dismiss on the grounds of double jeopardy and speedy trial violations.

**{¶31}** On February 27, 2020, the trial court overruled both motions.

**{¶32}** On May 20, 2020, Appellant entered a plea of no contest to the misdemeanor charge.

**{¶33}** According to *Baker*, the subsequent misdemeanor charge would be subject to the same statutory limitation period as the originally filed felony charge, 270 days from the indictment on August 14, 2017. This matter was not brought to trial until July 11, 2018. Therefore, a total time of 330 days had elapsed, exceeding the speedy trial statutory limitation of the originally charged felony.

**{¶34}** Appellee does not present any evidence that they did not possess the facts necessary to bring the Driving While Under the Influence of Alcohol or Drugs charge at the time Appellee brought the Abusing Harmful Intoxicants charge. Additionally, the record does not contain any support that the statutory time extensions in R.C. 2945.72 apply to the time period from August 14, 2017, to July 11, 2018.

**{¶35}** Therefore, we sustain Appellant's Sole Assignment of Error, and we reverse Appellant's conviction based upon a violation of his speedy trial rights.

**{¶36}** Appellant's Sole Assignment of Error is granted.

### b. Double Jeopardy Bar to Subsequent Prosecution.

**{¶37}** Due to our disposition of Appellant's speedy trial as a bar to further prosecution issue, we find Appellant's double jeopardy bar to subsequent prosecution issue to be moot.

**{¶38}** For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is hereby reversed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/br 1229