[Cite as *State v. Perdew*, 2021-Ohio-3075.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 20CA3702 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| MICHAEL PERDEW, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 08/31/2021** |

APPEARANCES:

April F. Campbell, Delaware, Ohio, for Appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Cynthia G. Schumaker, Assistant Ross County Prosecutor, Chillicothe, Ohio, for Appellee.

Wilkin, J.

{¶1} Appellant, Michael Perdew, appeals the Ross County Court of Common Pleas judgment wherein he pleaded no contest to felonious assault and endangering children after the trial court denied his motions to dismiss. In his motions, Perdew claimed his right to speedy trial was violated and that he was subjected to double jeopardy. Perdew presents two assignments of error for our review both addressing the trial court's denial of his motions to dismiss.

{¶2} In the first assignment of error, Perdew claims his speedy-trial right was violated when the state filed the initial indictment approximately one year after he pleaded guilty to domestic violence in Chillicothe Municipal Court. Perdew also maintains his right was violated when the state filed a superseding indictment because none of the tolling periods between indictments applied. In

the second assignment of error, Perdew argues his right against double jeopardy was violated because he was convicted twice of the same offense—the domestic violence in municipal court and felony convictions of felonious assault and endangering children.

{¶3} We reject both of Perdew's assignments of error.  First, the filing of the initial indictment reset the speedy-trial clock because the three counts within it were based on different acts of abuse Perdew inflicted on his daughter C.P.  In addition, Perdew's conduct as charged in the indictment caused separate injuries than the misdemeanor domestic violence conviction.  Second, the tolling periods that applied to the initial indictment also apply to the superseding indictment, and after calculating all tolled periods of time, Perdew was brought to trial within the speedy-trial time of 270 days.  Finally, since Perdew's felony convictions of felonious assault and endangering children are based on dissimilar conduct committed on different dates than his misdemeanor domestic violence offense, his right against double jeopardy was not violated.

FACTS AND PROCEDURAL BACKGROUND

{¶4} On November 15, 2016, Deputy Eric Kocheran was dispatched to C.P.'s middle school on report of possible child abuse.  After arriving at the school, Deputy Kocheran was advised that C.P. had dried blood on her neck and shirt, and had a gash on her head.  C.P. was checked by the school's nurse and other injuries were observed on C.P.'s legs, back and stomach.  The deputy spoke directly with C.P. who advised that her father, Michael Perdew, shoots her with a BB gun and that she feared returning back to his residence.  A written

statement by Perdew was also obtained as part of the investigation in which he denied shooting C.P. intentionally with a BB gun. Based on the allegations and for C.P.'s safety, children services was contacted and C.P. was placed with her paternal grandmother. No criminal charges were initiated, but in the 2016 report, Deputy Kocheran noted that the investigation was pending.

{¶5} On November 3, 2017, Deputy Matthew Sharfenaker responded to C.P.'s high school again in reference to a complaint of possible child abuse. Deputy Sharfenaker made contact with school staff member Teresa Pelletier who advised the deputy that there had been reports of C.P.'s injuries from the beginning of the school year. The deputy also spoke with C.P. who informed him that Perdew the night before kicked her feet, grabbed her by the shoulder and slammed her to the ground. Deputy Sharfenaker observed a bruise on C.P.'s forehead above her left eye, a swollen elbow and that both of her feet were swollen and red. C.P. elaborated on the injuries to her feet explaining they were caused because Perdew makes her run in place every day for long periods of time without taking breaks. In addition, C.P. opened up about the level of abuse she suffers including being barely fed and how when she tries to sleep, Perdew hits her on the head.

{¶6} Based on C.P.'s statements and Deputy Sharfenaker's observations, the deputy went to Perdew's residence and placed him under arrest for domestic violence, assault, and endangering children. Deputy Andrew Campbell assisted with the arrest. Deputy Campbell indicated in his narrative that he advised C.P.'s step-mother, Brandi Hollis, that he was aware of the previous 2016 child abuse

investigation including reports of Perdew's conduct of shooting C.P. with a BB gun as punishment.

{¶7} On November 6, 2017, three criminal complaints were filed in Chillicothe Municipal Court against Perdew for domestic violence, assault, and endangering children based on his conduct on or about November 3, 2017.  On November 15, 2017, Perdew pleaded guilty to domestic violence and the remaining charges were dismissed.

{¶8} Almost a year later, on September 21, 2018, Perdew was indicted on three felony offenses: one count of felonious assault and two counts of endangering children.  All three counts involved the victim C.P.  The felonious assault is based on Perdew's conduct between January 1, 2016 through December 31, 2016.  Both endangering children counts were for the period beginning on August 1, 2015 to November 2, 2017.

{¶9} Perdew pleaded not guilty to all three offenses and on November 15, 2018, filed a motion to dismiss the charges arguing his rights to statutory speedy trial and double jeopardy were violated.  According to Perdew, the state was prohibited from prosecuting him again because the indictment was founded on conduct the state was aware of at the time he was charged in Chillicothe Municipal Court.  And since the state was aware of the extent of the abuse back in November 2017, his right to speedy trial elapsed prior to the September 2018 indictment.

{¶10} While Perdew's motion to dismiss was pending, the state filed a superseding indictment on December 7, 2018.  The superseding indictment

expanded the date range in Count Three, endangering children, from February 1, 2013 to November 2, 2017.  The state also on January 28, 2019, filed the bill of particulars outlining the specific conduct Perdew committed and the injuries sustained by C.P.

{¶11} On April 4 and May 28, 2019, hearings were held to address Perdew's motion to dismiss.  At the April hearing, the only witness was Pamela Wells, assistant law director for the city of Chillicothe.  Wells handled Perdew's municipal court prosecution which was based on Deputy Sharfenaker's 2017 report, C.P.'s statement and photographs of C.P.'s injuries.  Wells conceded during cross-examination that the report submitted with the municipal complaint included claims of previous abuse and demonstrates a pattern of abuse.  But she reiterated that the charges were predicated on Perdew's conduct that occurred on or about November 3, 2017, which were substantiated by C.P.'s statement.

{¶12} At the conclusion of the hearing, the trial court requested clarification of Perdew's legal argument.  Perdew's counsel outlined that the crux of the argument is that the state should have charged him with the felony offenses at the same time as his municipal charges because the state was aware of the extent of the abuse back in 2017.  In line with this argument, Perdew claimed the state should not be permitted to bring prosecution in piecemeal fashion and the speedy-trial time began when the first charge was filed in 2017.

{¶13} The state disagreed with Perdew's claim and reiterated that the municipal charges involved different facts since the abuse occurred on different dates than the felony offenses.  The state then requested a continuance to

secure an additional witness to address law enforcement and children services'

2016 reports.  The trial court granted the state's request and the hearing was

continued until May 28.  Additionally, the trial court provided each party with the

opportunity to file supplemental briefing.

{¶14} In his supplemental briefing, Perdew echoed his piecemeal

prosecution argument and cited to a Tenth District Court of Appeals case from

1978 that involved three forged checks drawn on the same account and indicted

separately in support of his position the speedy-trial time began with the filing of

the municipal charges.  Similarly, in the state's supplemental filing, it repeated its

position that the felony charges involved different acts, dates, locations and

injuries than those in the municipal case.  Thus, according to the state, the

speedy-trial time began anew with the filing of the 2018 indictment.

{¶15} At the May 28, 2019 hearing, neither party presented additional

evidence and simply argued their positions to the court.  The trial court overruled

Perdew's motion to dismiss finding:

> It appears that an investigation was started in November of 2016 after there was a report of abuse involving a child that was investigated by the Ross County Sheriff's Department. It was also investigated by the Ross County Children's Services Agency and I believe, as indicated by counsel, there was a child protection center involvement also. At that time, the state was aware of certain conduct allegedly committed by the Defendant involving a child victim. The charges in the Chillicothe Municipal Court were filed about a year later in November of 2017, the charges asserted three separate misdemeanors in the Chillicothe Municipal Court, assault, domestic violence, and child endangering, all misdemeanors. As a result of plea negotiations, two of the charges were dismissed and there was a plea to I believe domestic violence. If this were a situation that involved only the knowledge of the state of additional information at the time of charging, this case would be dismissed, but I think counsel for the Defendant either dismisses or doesn't

fully understand the status of Ohio law concerning this issue. If we're looking at State vs Azbell, and that's been cited I think by both counsel throughout these proceedings, Azbell does acknowledge a situation where the speedy trial provisions, the statutory speedy trial provisions, take effect at the filing of the original charge and that previous information that is in the possession of the state. The state must utilize it in presenting all of the charges. However, in State vs Baker at 78 Ohio State 3d, State vs Smith, not the one cited by Defendant, but in State vs Smith found at 2006 Ohio 5187, also State vs Scivornek, 2006 Ohio 69, and State vs Thomas at 2007 Ohio 5340, the issue is in the disjunctive and not in the conjunctive and it's not only what the state is aware of at the time of the filing of the charge, but the court must also consider in the disjunctive may consider that the filing does not come out of the same circumstances or facts but is based upon independent facts and circumstances. The filing in the Chillicothe Municipal Court involve a specific date and specific charges which are different from the bill of particulars filed in this action, different from the date ranges in the indictment and constitutes additional and different conduct, so therefore the motion to dismiss is overruled. The court finds that speedy trial provisions have not been violated and there's been no violation of double jeopardy.

**{¶16}** On January 27, 2020, Perdew filed another motion for dismissal grounded on speedy-trial violations. In this filing, Perdew incorporated his arguments in his earlier motion to dismiss and included a claim that even if the speedy-trial time did not begin with the filing of the municipal charges, the tolling period that applied to the initial indictment did not apply to the superseding indictment.

**{¶17}** On January 28, 2020, a hearing was held with the trial court first recounting the chambers discussion with the parties regarding Perdew's recently filed motion to dismiss and also a potential plea agreement. Perdew then argued that 323 days had passed between the time he was indicted in September of 2018 and the time the court denied his first motion, because none of the tolling

time between indictments counts.  The state opposed Perdew's assertions and

reiterated that the superseding indictment did not include new charges; rather, it

simply expanded the date range in Count Three.  Thus, the state argued that the

tolling periods between indictments counts and that 238 days lapsed, which is

within the speedy-trial time of 270 days.  The trial court agreed with the state and

overruled Perdew's motion:

> The first indictment was filed September Twenty First, 2018 and the second indictment was filed December Seventh, 2018 and I agree with the prosecutor.  The sole purpose of which was to change the date in Count Three from August First 2015 through the Second Day of November, 2017 to the First Day of February, 2013 through the Second Day of November 2017. That's the only change that was made in the indictment. Counts One and Two are the same in the first indictment and the second indictment. The state relies upon State versus Blackburn which I read to mean if there's an intervening indictment, a succeeding indictment, and the offenses do not change the tolling on any motion practice filed by the Defendant or any action taken by the Defendant applies in the first intervening period and the second period. There is some case law. State vs. Homan and State vs. Henderson which recognizes a distinction and that distinction is if the intervening second indictment has new charges or substantially changes the original charges. The only similarly between State vs. Homan and State vs. Henderson and the case before this court, is that there's intervening indictment. In State vs. Homan, the Defendant was a mother of a child and was arrested for operating a motor vehicle while intoxicated charged with that and then the subsequent indictment charges that same offense plus endangering children which is a totally separate offense. An additional charge was added to that indictment. In State versus Henderson, a more serious case that were charges of felonious assault and I believe attempted murder, maybe even murder, and then there was an intervening indictment which not only added charges but added Co-Defendants. And the charges that were added against the original Defendant were trafficking charges and other charges. These are two totally different situations from this case. And I distinguish those cases. And I find that Blackburn is controlling in this situation and that the motion practice and other actions of the Defendant as mentioned by the prosecutor and reflected in the case file toll the speedy trial so that prosecutor's calculation of speedy trial is the

accurate calculation. So there the motion to dismiss for a second time is overruled.

{¶18} After overruling his motion, Perdew informed the trial court of his intent to plead no contest to the offenses. Before conducting the required plea colloquy, the trial court inquired if any of the offenses merged. Both parties agreed that Counts One and Two merged and Perdew's counsel also argued Count Three merged with Count One. The state opposed the merger of Counts One and Three since Count One is based on C.P.'s injury after Perdew shot her with a BB gun while Count Three is predicated on injuries she sustained after Perdew struck her with metal and wood implements. Further, the state maintained that Counts One and Three involved different time periods. The trial court agreed with the state and declined to merge Counts One and Three.

{¶19} The trial court then proceeded with the plea colloquy. Perdew acknowledged his signature on the plea form and admitted to the facts of each offense as charged. Perdew also informed the trial court that he understood the rights he waives by pleading no contest and the maximum sentence he faces. Perdew pleaded no contest and the trial court accepted his plea and proceeded directly to sentencing. C.P. addressed the trial court at sentencing and advised the court of the continuous fear and anxiety she experiences because of Perdew's physical abuse. Perdew elected not to personally advocate on his own behalf at the sentencing hearing. The trial court then imposed a 6-year prison term as to the felonious assault conviction and 24 months of imprisonment for endangering children as to Count Three. The court ordered the sentences to be served concurrently.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT SHOULD HAVE DISCHARGED PERDEW
        FROM PROSECUTION, BECAUSE THE STATE VIOLATED HIS
        RIGHT TO A SPEEDY TRIAL.

II.     THE TRIAL COURT SHOULD HAVE DISCHARGED PERDEW
        FROM PROSECUTION, BECAUSE PERDEW'S RIGHT NOT TO
        BE TRIED TWICE FOR THE SAME OFFENSE WAS DENIED
        UNDER THE DOUBLE JEOPARDY CLAUSE AND THE FIFTH
        AMENDMENT.

ASSIGNMENT OF ERROR I

{¶20} Perdew under the first assignment of error presents two separate arguments that his right to speedy trial was violated.  He first claims the state failed to bring him to trial before the speedy-trial time elapsed on the indictment because it "arose from the same set of facts as his municipal court case[.]" Perdew maintains that the state was aware of all the abuse, including the use of the BB gun, when he was charged in municipal court.  And that there was no testimony outlining the specific conduct that was the basis of the municipal charges—the complaints only stated that the abuse occurred on or about November 3, 2017.  Consequently, the speedy-trial time began to run when Perdew was arrested on November 3, 2017.

{¶21} Perdew next asserts that even if the speedy-trial clock began when he was indicted in September 2018, his right was violated because once the state elects to re-indict based on the same set of facts, the time tolled during the first indictment does not apply to the superseding indictment.  Thus, no time was tolled from his arrest date of September 22 to December 7, 2018, when the superseding indictment was issued.

{¶22} The state disagrees and first submits that Perdew failed to preserve an argument against a violation of his constitutional right to speedy trial, thus, the only speedy-trial issue for review is whether his statutory speedy-trial right was violated. The state then maintains that Perdew's municipal court charges stemmed from different facts than the indictment, including different dates, conduct and injuries to C.P. Finally, the state concedes that the speedy-trial clock for the superseding indictment began when Perdew was arrested on September 22, 2018, however, the state claims that the tolling time that applied to the initial indictment also applies to the superseding indictment so there was no violation of Perdew's right to a speedy trial. The state points out that the only change in the superseding indictment was the date range in Count Three.

I. Speedy Trial Law

{¶23} "Appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy-trial provisions involves a mixed question of law and fact." *State v. Thomas*, 4th Dist. Adams No. 06CA825, 2007-Ohio-5340, ¶ 8. Thus, "[w]e accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case." *Id.*

{¶24} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). In order to resolve a constitutional speedy-trial violation claim the United States

Supreme Court set forth a balancing test to determine whether trial delays are reasonable. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "The following factors are to be considered: 'Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' " *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 64, quoting *Barker* at 530.

{¶25} We agree with the state that Perdew failed to raise a violation of his constitutional speedy-trial right. In all of Perdew's motions to dismiss he failed to lay out the constitutional speedy-trial factors or present any argument in support of such a claim. In his last motion before the trial court, Perdew in one line simply indicated that the state violated his statutory and constitutional speedy-trial rights. Again, Perdew failed to present any analysis or legal support for this conclusionary constitutional speedy-trial violation assertion. Even at the motion to dismiss hearings, Perdew focused his argument on the state's knowledge of the extent of the abuse at the time of the municipal court charges rather than the reasonableness of the delay.

{¶26} Similarly here, Perdew cites to the speedy-trial statutory provisions and does not provide any argument in support of a constitutional speedy-trial violation. We therefore decline to address the merits of a constitutional speedy-trial violation claim. *See State v. Russell*, 4th Dist. Athens No. 97 CA 37, 1998 WL 357546, *12 (June 30, 1998) ("Therefore, because appellant did not develop the issue regarding his constitutional right to a speedy trial in the trial court, and because appellant failed to separately argue that he suffered a violation of

his constitutional right to a speedy trial, we decline to address the merits of the issue.").

**{¶27}** The Ohio General Assembly adopted the provisions of R.C. 2945.71 to 2945.73 to implement the speedy-trial guarantees. *State v. Davis*, 4th Dist. Ross No. 01CA2610, 2002-Ohio-2554, ¶ 17, citing *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus. "[W]hen reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state." *State v. Staffin*, 4th Dist. Ross No. 07CA2967, 2008-Ohio-338, ¶ 6, citing *City of Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706.

**{¶28}** As applicable here, R.C. 2945.71 provides that a defendant charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). Further, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). A defendant may seek dismissal of the criminal charges if he can demonstrate his speedy-trial right was violated. R.C. 2945.73 (B). "Upon establishing that more than 270 days has passed before trial, a defendant establishes a prima facie case for dismissal based on a speedy trial violation." *State v. Davis*, 4th Dist. Scioto No. 12CA3506, 2013-Ohio-5311, ¶ 19, citing *State v. Alexander*, 4th Dist. Scioto No. 08CA3221, 2009-Ohio-1401. The burden then shifts to the state to demonstrate that any of the provisions in R.C. 2945.72 extended the time limit. *Id.*

## II.  Analysis

### A.  Time Period Between Municipal Charges and Indictment

{¶29} In this sub-argument, Perdew claims he established a prima facie violation because his speedy-trial time for the September 2018 indictment began at the time of his arrest in the municipal court proceedings in November 2017. Perdew's argument is based on his assertion that the state was aware of the extent of the abuse and C.P.'s injuries when the municipal charges were filed.

{¶30} Perdew relies on the *Baker* decision in which the Supreme Court held: "In issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment."  *State v. Baker*, 78 Ohio St.3d 108, 1997-Ohio-229, 676 N.E.2d 883, syllabus.[1]  However, Perdew fails to apply the disjunctive nature of the holding in *Baker* and the Supreme Court's supplementary finding that "[a]dditional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation."  *Id.* at 111.

{¶31} In a prior decision, a case Perdew cites and relies on, we emphasized the disjunctive law in *Baker*: " 'The holding in Baker is disjunctive, i.e. the state need only establish one of the two scenarios, either different facts or lack of knowledge.' "  *State v. Thomas*, 4th Dist. Adams No. 06CA825, 2007-Ohio-5340, ¶ 14, quoting *State v. Smith*, 11th Dist. Ashtabula No. 2004-A-0089,

---

[1] The decision in *Baker* has been applied to cases involving misdemeanor proceedings and felony charges.  *See State v. Wood*, 5th Dist. Fairfield No. 2020 CA 00023, 2021-Ohio-2, ¶ 33 ("According to *Baker*, the subsequent misdemeanor charge would be subject to the same statutory limitation period as the originally filed felony charge, 270 days from the indictment on August 14, 2017.").

2006-Ohio-5187, ¶ 29.  We then applied persuasive authority from other appellate district courts in affirming Thomas' trafficking in drugs convictions and overruling his speedy-trial argument:

> In the case sub judice, unlike his indictment for weapons under disability, the Appellee's indictment for trafficking was not based on the events of November 12, 2004. Rather, it was based on a drug buy that occurred four days earlier, on November 8. Because the holding in *Baker* is disjunctive, the Appellant need only establish either lack of knowledge or different facts. Even if the Appellant knew all the facts necessary for the second indictment at the time of the first indictment, the two indictments were clearly based on a different set of circumstances. As stated in *Smith*, "[i]n short, a controlled buy which occurred on [a different date] is distinguishable from a possession of controlled substances charge arising from the search warrant." Id. at 28. Accordingly, as to the second count of the Appellee's December 19, 2005 indictment, the speedy-trial clock did not start running until the indictment was issued. As such, we overrule the trial court's decision granting the Appellee's motion to dismiss as to the second count of the indictment.

*Id.* at ¶ 18.

**{¶32}** Moreover, the Tenth District Court of Appeals' decision in *Graham* that Perdew also relies on, supports our application of *Baker* as a disjunctive rule and also substantiates the state's position that it was accorded a new 270 days when the September 2018 indictment was issued.  *State v. Graham*, 10th Dist. Franklin No. 18AP-636, 2019-Ohio-2020.  Specifically, the Tenth District held:

> But under the controlling case law, it is not the state's knowledge of facts relative to the time of the *second* arrest that matters: what matters is whether the "additional * * * charges" in the second indictment "arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." *Baker*, 78 Ohio St.3d at 110, 676 N.E.2d 883.

> Here, because the "additional criminal charges arise from facts distinct from those supporting [the] original charge," *id.* at 112, 676 N.E.2d 883—that is, because facts supporting allegations of

break-ins on one day at Tai's Asian Bistro and The Uniform Store are "distinct" from facts supporting charges of other break-ins at other locations on other dates—"the state should be accorded a new 270-day period beginning from the time when the second indictment was returned," *id.* at 111-12, 676 N.E.2d 883. (Emphasis sic.)

*Id.* at ¶ 29-30.

{¶33} More recently, the Sixth District Court of Appeals reiterated the disjunctive nature of the *Baker* holding that if the offenses at issue did not arise out of the same set of facts then "the state is able to take advantage of a new speedy-trial timetable regardless of when it learned of the facts it needed to indict the defendant on the new charges." *State v. Parker*, 6th Dist. Lucas No. L-18-1238, 2020-Ohio-4607, ¶ 77. The Sixth District went on to hold:

> In this case, it is obvious that the charges related to the October 7 assault arose out of a separate set of facts than the charges related to the March 25 assault; the attacks occurred on different days, consisted of different types of physical assaults on J.P., and resulted in different injuries to J.P. Thus, we conclude that *Baker* applies to the indictment in case 4 and the speedy-trial clock reset on July 6, 2018, giving the state an additional 270 days in which to bring Parker to trial.

*Id.* at ¶ 77.

{¶34} Similarly here, what is relevant and at issue is whether the indicted charges arise from different facts than the municipal conviction. The answer is they do. The misdemeanor domestic violence charge arose out of a separate set of facts than the felonious assault and endangering children felony charges. The abuse occurred on different days, involved different types of physical assault on C.P. and resulted in different injuries. Specifically, the municipal complaint is based on Perdew's abuse of C.P. on November 2, 2017, where he kicked her

feet, grabbed her by the shoulder and slammed her to the ground.  The injuries sustained from this attack was a bruise on C.P.'s forehead above her left eye and a swollen elbow.  The injuries to C.P.'s feet were due to Perdew making her run in place for a long period of time without taking any breaks.

{¶35} On the other hand, the felonious assault was based on Perdew's abuse of C.P. between January 1 to December 31, 2016.  This involved Perdew causing C.P. temporary serious disfigurement by shooting her on the face and/or head with a BB gun.  The endangering children offense in Count Three has a date range of February 1, 2013 to November 2, 2017.  And is based on several acts of abuse by Perdew: striking C.P. with a cattle prod, striking her with a metal and/or wood implements, prohibiting her from sleeping, limiting her food and drink intake, and forcing her to pick weeds until her hands bled.

{¶36} When applying the disjunctive *Baker* holding, it is clear that Perdew's misdemeanor charges stemmed from a different set of facts than the felony offenses.  Therefore, the speedy-trial clock for the felony charges began to run on September 23, 2017, the day after Perdew's arrest. *See State v. Younker*, 4th Dist. Highland No. 07CA18, 2008-Ohio-6889, ¶ 15 (calculation of time begins day after arrest.)  Accordingly, we overrule Perdew's arguments and affirm the trial court's denial of his motion to dismiss.

B.  Time Period Between Indictments

{¶37} In this second sub-argument, Perdew claims none of the tolling time between September 22 to December 7, 2018, applies and cites to the Tenth District's decision in *Graham* for support.  However, the portion cited by Perdew

relates to the first sub-argument addressing the disjunctive nature of the *Baker* decision.  The state on the other hand, directs our attention to the Supreme Court's decision in *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319.

**{¶38}** In *Blackburn*, the Supreme Court held: "In calculating the time within which a criminal defendant must be brought to trial under R.C. 2945.71, periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case." *Blackburn* at syllabus.

**{¶39}** Here, the superseding indictment was based on the same facts as the indictment and was filed under the same case number.  It did not, however, add any charges nor did the state dismiss the initial indictment.  The superseding indictment simply modified the date range in Count Three.  *See State v. Sellords*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985) ("Ordinarily, precise times and dates are not essential elements of offenses.")  It goes to reason then when no new charges are added to a superseding indictment that is based on the same underlying facts as the indictment, the same tolling period applies.

**{¶40}** After applying the tolling events due to Perdew's filing of several motions, we conclude that Perdew's speedy-trial right was not violated.  Perdew was arrested on September 22, 2018 and was in jail for three days—this was the only time Perdew was incarcerated during the pendency of the case.  Pursuant to R.C. 2945.71(E), the three days are triple-counted for a total of nine days.

Perdew's judgment of conviction entry was filed on January 29, 2020. Accordingly, by beginning our calculation the day after his arrest, triple-counting his 3 days of incarceration and without deducting any tolling periods, 500 days elapsed between September 23, 2018 and January 29, 2020. But then once we deduct the applicable tolling periods, the time counted against the state is 268 days, which is 2 days less than the required speedy-trial time of 270 days.

{¶41} We begin with Perdew's demand for discovery and request for bill of particulars that were filed on September 28, 2018. Pursuant to R.C. 2945.72(E), any period of delay necessitated by reason of motion by the accused is tolled. This includes motions for discovery and demand for bill of particulars. *See State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus ("A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E).") The state responded to the discovery demand on October 1, 2018, but did not provide Perdew with a bill of particulars until January 28, 2019. The state's delay in providing Perdew with a bill of particulars does not toll the full period. Rather, we have previously held that 30 days constitutes a reasonable period to respond. *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, ¶ 23-25. Therefore, the time is tolled for 30 days based on Perdew's request for a bill of particulars.

{¶42} The next filing does not occur until November 15, 2018, when Perdew filed his motion to dismiss. The trial court did not journalize its denial of Perdew's motion to dismiss until June 3, 2019. This full period of 201 days is tolled even though we have previously held that 120 days is a reasonable time to

allocate to tolling the time between a motion to dismiss and the trial court's decision.  In *State v. Carr*, the trial court denied Carr's motion to dismiss after 204 days, but we concluded that "120 days was a reasonable time for the court to decide Carr's motions to dismiss from July 9, 2010, as the motions do not appear so complex that the court needed more time than that."  *State v. Carr*, 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, ¶ 27.

{¶43} Here, however, the trial court promptly scheduled a hearing on Perdew's motion to dismiss for February 04, 2019.  But then at the hearing, Perdew's counsel requested additional time to review the state's discovery that counsel signed for but was unable to locate.  Per Perdew's counsel's request, the hearing was continued to April 4, 2019.  The period between the February and April hearings is tolled because "[a]ccording to the plain language of R.C. 2945.72(H), a defense motion for a continuance tolls the speedy trial statute[.]" *State v. Cochran*, 4th Dist. Lawrence No. 96CA27, 1997 WL 399835, *3 (July 8, 1997).

{¶44} At the conclusion of the April hearing, the trial court scheduled a supplemental hearing for May 28.  The period between April 4 and May 28 is also tolled because the April hearing was continued at the request of the state without any objection by Perdew and was reasonably granted by the trial court.  Pursuant to R.C. 2945.72(H), time is extended for "[t]he period of any reasonable continuance granted other than upon the accused's own motion[.]"  Additionally, we have previously stated: "The Ohio Supreme Court has held that continuances granted on the state's motion will toll the running of speedy trial time if the

continuance is reasonable and necessary under the circumstances of the case."
*State v. Brown*, 2016-Ohio-1453, 63 N.E.3d 509, ¶ 12 (4th Dist.), citing *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988).

**{¶45}** Here, the continuance was reasonable and necessary in order to provide the state with the opportunity to secure a witness to address the 2016 incident report. The trial court also afforded both parties the opportunity to file supplemental briefing. Perdew took advantage of that and filed a supplemental brief on April 30, 2019 via facsimile and by mail on May 2, 2019. Accordingly, 201 days are tolled between Perdew's filing of his motion to dismiss and the trial court's journal entry denying the motion.

**{¶46}** Finally, the last tolling event is Perdew's motion to dismiss filed on January 27, 2020—just one day prior to his plea and sentencing hearing. The trial court denied this motion at the plea hearing, thus, one day is tolled. In summary, the following are the tolling events and total time:

| Events | Days Tolled |
| --- | --- |
| Perdew's demand for discovery and request for bill of particulars filed on September 28, 2018. | 30 days tolled – reasonable time for state to respond to bill of particulars. |
| Perdew's motion to dismiss filed on November 15, 2018, and was denied via journal entry on June 3, 2019. | 201 days tolled |
| Perdew's motion to dismiss filed on January, 27, 2020 – it was denied day of plea and sentencing hearing, January 28, 2020. | 1 day tolled |
| TOTAL | 232 days |

**{¶47}** There is a potential argument for additional tolling time based on Perdew's failure to respond to the state's reciprocal request for discovery that neither party calculates.  *See State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, paragraph one of the syllabus ("The failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D).")  But the record here is unclear on when Perdew responded to the state's reciprocal discovery request because Perdew failed to submit a written response.

**{¶48}** The state filed the reciprocal demand for discovery on October 1, 2018, and then filed a motion to compel on December 20, 2019.  Perdew responded to the motion to compel and indicated that he verbally informed the state there was no discovery to provide at the preliminary hearing of October 26, 2018, and at the hearing held on April 4, 2019.  However, Perdew failed to submit a transcript of the October preliminary hearing, and the chambers discussion is not part of the April transcript.  Therefore, neither is part of the record of the case.  We will thus not include this tolling time period in our ultimate calculation.

**{¶49}** We conclude that after deducting the 232 days of tolling time from the duration of the proceedings of 500 days, the state brought Perdew to trial in 268 days, which is within 270 days.  We therefore affirm the trial court's denial of Perdew's motions to dismiss and overrule his first assignment of error.

ASSIGNMENT OF ERROR II

**{¶50}** Under the second assignment of error, Perdew maintains that his right not to be tried twice for the same offense was violated by the state's piecemeal prosecution for conduct it was aware of when it initially charged him in municipal court back in November 2017.  Perdew claims the state charged him multiple times over the course of a couple of years based on the same allegation, which is a violation of his right against double jeopardy.

**{¶51}** The state submits that Perdew at the trial court proceedings recognized the weakness of the double jeopardy argument and that even if considered by us, the argument fails.  This is because the municipal court proceedings involved separate and distinct allegations based on abuse and injuries that differed from the felony charges.

Law and Analysis

**{¶52}** "Appellate courts review de novo the denial of a motion to dismiss an indictment on the grounds of double jeopardy, because it is a pure question of law."  *State v. Muttert*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 13.  As provided by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  The Double Jeopardy Clause thus prohibits: "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense."  *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 859 N.E.2d 149, ¶ 10, citing *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct.

1892, 104 L.Ed.2d 487 (1989), citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This protection also applies to individuals prosecuted in the state of Ohio through the Fourteenth Amendment of the United States Constitution. *Id.*, citing *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

{¶53} Contrary to Perdew's claim, he was not convicted twice of the same offense simply because the state was aware of the extent of the abuse when he was initially charged in municipal court. Under Perdew's theory, once he is convicted of assault based on one action of abuse, any other assault he commits or had committed cannot be prosecuted by the state. This is not what same offense means under the Double Jeopardy Clause. If the state is required to prove a different set of facts for each offense, then double jeopardy is not implicated. *See State v. Dixon*, 4th Dist. Scioto No. 95 CA 2376, 1996 WL 20812, *3 (January 18, 1996) ("the prosecution must show different facts, thus making it a different offense for double jeopardy purposes"); *see also State v. Parthemer*, 11th Dist. Trumbull Nos. 98-T-0169, 98-T-0170 & 98-T-0171, 1999 WL 1312435, *2 (December 17, 1999) ("Each of the charges requires proof of extremely different facts. Therefore, the successive prosecutions did not violate the Double Jeopardy Clause of either the Ohio or the United States Constitutions.").

{¶54} As we previously discussed under the first assignment of error, Perdew's misdemeanor and felony convictions were based on different facts: the abuse, the date and injuries sustained by C.P. The domestic violence conviction

was predicated on Perdew's November 2, 2017 conduct of kicking and slamming C.P. to the ground causing injuries to C.P.'s elbow and gash to her head. The felonious assault and endangering children convictions were based on his conduct from January 1 to December, 2016, and February 1, 2013 to November 2, 2017, respectively. For the felonious assault, Perdew was accused of causing temporary disfigurement to C.P. by shooting her with a BB gun. The endangering children offense was due to Perdew striking C.P. with a cattle prod and with metal and/or wood implements, prohibiting her from sleeping, limiting her food and drink intake, and forcing her to pick weeds until her hands bled. Therefore, the state was required to establish different facts for each offense.

{¶55} We thus hold there was no double jeopardy violation. Perdew's second assignment of error is overruled and the trial court's denial of his motions to dismiss is affirmed.

CONCLUSION

{¶56} Having overruled Perdew's two assignments of error, we affirm the trial court's judgment entry of conviction and his sentence.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**